PEOPLE ex rel. WOODILL v. FOSDICK, Com'r of Accounts.

(Supreme Court, Appellate Division, First Department. December 16, 1910.)

MANDAMUS (§ 82*)— STATUTES — PROCEEDINGS AND RECORDS OF MUNICIPAL OFFICERS—COMMISSIONER OF ACCOUNTS—COPY OF MINUTES—"BOOKS, ACCOUNTS, VOUCHERS, CHECKS, OR OTHER PAPERS."

The defendant, as commissioner of accounts of the city of New York, was empowered by section 119 of the Greater New York charter (Laws 1901, c. 466) to make special examinations of the accounts of the officers and departments of the city, and report to the mayor. The relator's petition set forth that defendant, as commissioner of accounts, had taken

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes.

testimony in a matter relating to the accounts of the office of the president of the borough of Queens, and that the testimony had been typewritten and filed in the defendant's office, that a copy had been forwarded to the district attorney, who had obtained an indictment against the borough president, and that the petitioner desired a certified copy of the minutes and records of the proceedings had before the defendant. Greater New York Charter, § 1545, requires that the heads of departments and bureaus shall furnish to any taxpayer desiring the same a certified copy of any book, account, or paper kept by such department, and that all the books shall be open to inspection by taxpayers, who, if refused the right to inspection, may petition for an order of the Supreme Court for an inspection; and section 51 of. the general municipal law (Consol. Laws, c. 24) declares all books of minutes, entry of account, and the books, bills, vouchers, checks, contracts, or other papers used by or filed with county officers to be public records subject to inspection. *Held* that, unless in cases where public interests clearly require a disclosure, the minutes and record of the commissioner's investigation made for the purpose of determining a course of official action were not within any of the specified books, accounts, etc., as to which the taxpayer's right to copy or inspect was mandatory.

[Ed. Note.—For other cases, see Mandamus, Dec. Dig. § 82.*]

Appeal from Special Term, New York County.

Petition by the People of the State of New York, on the relation of William L. Woodill, against Raymond B. Fosdick, as Commissioner of Accounts of the City of New York, for a peremptory writ of mandamus. From an order directing a peremptory writ of mandamus to issue, defendant appeals. Order reversed.

Argued before INGRAHAM, P. J., and McLAUGHLIN, LAUGHLIN, CLARKE, and SCOTT, JJ.

Theodore Connoly, for appellant.

J. Edward Murphy, for respondent.

SCOTT, J.. This is an appeal by the commissioner of accounts from an order directing a peremptory writ of mandamus to issue requiring the said commissioner to permit the relator to inspect all books of minutes, entry of account, and the books, bills, vouchers, contracts, or other papers connected with or used or on file in the office of the commissioner of accounts "in the matter of a special investigation of the accounts and methods of the office of the president of the borough of Queens."

The jurisdiction of the commissioner of accounts, so far as relevant to this appeal, is defined by section 119 of the Greater New York charter (Laws 1901, c. 466), which provides as follows:

"They shall also make such special examinations of the accounts and methods of the departments and officers of the city and of the counties of New York, Richmond, Queens and Kings, as the mayor may from time to time direct, and such other examinations as the said commissioners may deem for the best interests of the city, and report to the mayor and the board of aldermen the results thereof. For the purpose of ascertaining facts in connection with these examinations they shall have full power to compel the attendance of witnesses, to administer oaths and to examine such persons as they may deem necessary."

The relator's petition sets forth that the defendant, as commissioner of accounts, has taken the testimony of many persons and witnesses in a matter relating to the methods and accounts of the office of the president of the borough of Queens; that defendant swore said witnesses and that their testimony has been reduced to typewritten form and filed with defendant as commissioner of accounts; that from time to time defendant has reported the result of his investigations to the mayor, and suggested that a copy of his reports and of the record taken should be forwarded to the district attorney of Queens county; that said reports and records were so forwarded to said district attorney and an indictment found against the borough president of the borough of Queens. The petitioner states that he desires to procure a certified copy "of the minutes of the proceedings" had before the defendant for the purpose of presenting the same to the Governor of the state for such action as he might deem just.

The relator based his application upon section 1545 of the Greater New York charter, which reads as follows:

"Sec. 1545. The heads of all departments, except the police and law departments, and the chiefs of each and every bureau of said departments, or any of them, except the police and law departments and all borough presidents, shall, with reasonable promptness, furnish to any taxpayer desiring the same, a true and certified copy of any book, account or paper kept by such department, bureau or officer, or such part thereof as may be demanded, upon payment in advance of five cents for every hundred words thereof by the person demanding the same. All books, accounts and papers in any department or bureau thereof, except the police and law departments, shall at all times be open to the inspection of any taxpayer, subject to any reasonable rules and regulations in regard to the time and manner of such inspection as such department, bureau or officer may make in regard to the same, in order to secure the safety of such books, accounts and papers, and the proper use of them by the department, bureau or officer; in case such inspection shall be refused such taxpayer, on his sworn petition, describing the particular book, account or paper that he desires to inspect, may, upon notice of not less than one day to such department, bureau or officer, apply to any justice of the supreme court for an order that he be allowed to make such inspection as such justice shall by his order authorize, and such an order shall specify the time and manner of such inspection."

It appears from a memorandum filed by the learned justice at Special Term that he granted the writ under section 51 of the general municipal law (Consol. Laws, c. 24), which reads as follows:

"All books of minutes, entry of account and the books, bills, vouchers, checks, contracts or other papers connected with or used or filed in the office of, or with any officer, board or commission acting for or on behalf of any county, town, village or municipal corporation in this state, are hereby declared to be public records, and shall be open subject to the reasonable regulations to be prescribed by the officer having the custody thereof, to the inspection of any taxpayer."

It will be seen by reference to the petition that what the relator desired, and all that he asked for, was a copy of the "minutes and record" of the proceedings conducted by defendant in investigating the office of the president of the borough of Queens, and a reading of the petition indicates that what the petitioner meant by the "minutes and record" was a copy of the stenographic report of the evidence taken. There are very obvious reasons why the commis-

sioner of accounts should not be compelled upon the demand of any taxpayer as a matter of strict right to disclose evidence which has been elicited in the course of an investigation of a public office.    In many cases, perhaps in most, such a disclosure would do no harm, and might even be productive of good results, but it is easy to imagine cases in which such a disclosure, especially while the investigation is in progress, would result in closing avenues of information, and prevent the realization of the full benefits which the power given to the commissioner of accounts was intended to secure.    Unless, therefore, one or other of the statutes above quoted is mandatory, and deprives the court of all discretion, a peremptory order should not be made requiring the commissioner of accounts to disclose the evidence elicited by him in the course of an examination, except perhaps in cases wherein it is made clearly to appear that the public interests require that such a disclosure should be made.    In the present case it is not so made to appear.    The relator says that he desires to lay the testimony before the Governor, but does not show that he cannot otherwise obtain all the necessary information to prefer charges against the borough president, if such be, indeed, his true object.

The section above quoted from the Greater New York charter is the only one which in terms requires the court to make a peremptory order for an inspection, and the order therein provided for is limited to the "particular book, account or paper" that the taxpayer desires to inspect, and which is described in his petition.    The only paper described in relator's petition, and which he expresses a desire to inspect, is the typewritten transcript of the stenographic notes of the testimony taken by defendant.    The order appealed from gives the relator the right to inspect much more than this, extending to "all books of minutes, entry of account, books, bills, vouchers, checks, contracts or other papers connected with or used or on file" in defendant's office in the matter of the investigation referred to.    This gives relator more than he asked for, and is much too broad if the order is to be tested by the terms of the charter provisions.    It should, at the most, have been limited to what the relator asked for, to wit, the minutes of the testimony.    But the charter provisions would not justify an order for the inspection of these minutes.    The section specifically describes what a taxpayer is entitled to inspect and have copies of.    They are the "books, accounts and papers kept by any department or bureau," except the police and law departments.    These words clearly refer to the books, accounts, and papers showing the transactions of the department or bureau, but not to the information, whether reduced to written form or not, upon which the head of the department or bureau relied in determining upon a course of action.    When we turn to section 51 of the general municipal law, we find a more precise and detailed statement of the matters which a taxpayer must be permitted to inspect, but still nothing which by any fair intendment can be construed to cover the notes of testimony taken by defendant.    The enumeration is:

"Books of minutes, entry of account and the books, bills, vouchers, checks, contracts and other papers connected with or used or filed in the office of, or with any officer, board or commissioner."

The "book of minutes" as used in the statute evidently means the book containing the minutes of a board or commission and showing in detail the transaction of its business. Stenographic notes such as the petitioner seeks to inspect certainly do not fall within the words "entry of account, books, bills, vouchers, checks or contracts," and the "other papers" by virtue of the rule "noscitur a sociis" must be held to mean other papers similar in character to those specifically enumerated. There is nothing, therefore, in the language of either section 1545 of the Greater New York charter or section 51 of the general municipal law which gave to relator the strict legal right to inspect or copy the typewritten transcript of the stenographic notes of evidence taken before the defendant. Indeed, to so construe either of these sections would require that the language be stretched beyond its fair legal import. The purpose for which those statutes were enacted can be well attained without undertaking to give to them a forced and strained construction which might go far to destroy the efficacy of investigations by the commissioner of accounts.

It follows that the order appealed from must be reversed, with $10 costs and disbursements, and the motion denied, with $10 costs. All concur.