# THE

# MISCELLANEOUS REPORTS

## OF THE

## STATE OF NEW YORK.

### COMMENCING DECEMBER, 1917.

Matter of the Application of WILLIAM G. IHRIG for a Writ of Mandamus Directed to WILLIAM WILLIAMS, as Commissioner of Water Supply, Gas and Electricity of the City of New York.

(Supreme Court, New York Special Term, December, 1917.)

Mandamus — writ of, for inspection of records in office of commissioner of water supply, etc., denied — actions — statutes — General Municipal Law, § 51 — Greater New York Charter, § 1545.

Where the terms of a general statute (General Municipal Law, § 51) and those of a special statute (Greater New York Charter, § 1545) though both relating to the same general subject matter are not the same, the charter provision is controlling.

Section 1545 of the Greater New York Charter, declaring that all books, accounts and papers in any department or bureau of the city "except the police and law departments" shall at all times be open to the inspection of any taxpayer, subject to any reasonable rules and regulations, etc., an application by the plaintiff in an action against the city to recover damages caused by the bursting of a water main in front of his premises, and which flooded his basement, for a writ of mandamus for an inspection of the reports of engineers and of other reports, records, papers and documents on file in the office of the commission of water supply, gas and electricity relating to the explosion and bursting of said water main, will be denied where it appears that prior to the commencement of the action, which is based on the ground of the city's negligence in the construction of the water main, all the papers were transferred to the law department and now are in the possession of the corporation counsel for the purpose of defending the present action.

1      1

MOTION for a peremptory writ of mandamus.

Windels & Holtzoff, for motion.

Lamar Hardy, corporation counsel (George M. Curtis, assistant corporation counsel, of counsel), opposed.

GIEGERICH, J. The petitioner seeks a writ of mandamus for an inspection of the reports of engineers and of other reports, records, papers and documents on file in the office of the commissioner of water supply, gas and electricity relating to the explosion and bursting of a water main which took place in Lafayette street, in the borough of Manhattan, city of New York, on the 21st day of June, 1917, in front of the petitioner's premises and which flooded the basement of those premises and caused damage for which it appears, by the opposing affidavit, the petitioner has commenced an action against the city of New York on the ground of the city's negligence in the construction of the water main referred to. It further appears from the opposing affidavits that the papers which are sought to be examined are reports made by investigators in the department of water supply, gas and electricity, with reference to the subject matter of the action brought by the petitioner against the city, and that prior to the commencement of the action all the papers were transferred from the department of water supply, gas and electricity to the law department, and are now in possession of the corporation counsel for the purpose of defending the pending action. In support of the petition, section 51 of the General Municipal Law, which provides, among other things, as follows: "All books of minutes, entry or account, and the books, bills, vouchers, checks, contracts or other papers connected with or used or filed in the office of, or with any officer,

Misc.] Supreme Court, December, 1917.

board or commission acting for or on behalf of any county, town, village or municipal corporation in this state are hereby declared to be public records, and shall be open, subject to reasonable regulations to be prescribed by the officer having the custody thereof, to the inspection of any taxpayer," and section 1545 of the Greater New York Charter, which, in part, provides as follows: "All books, accounts and papers in any department or bureau thereof, except the police and law departments, shall at all times be open to the inspection of any taxpayer, subject to any reasonable rules and regulations in regard to the time and manner of such inspection as such department, bureau or officer may make in regard to the same, in order to secure the safety of such books, accounts and papers, and the proper use of them by the department, bureau or officer; in case such inspection shall be refused, such taxpayer, on his sworn petition, describing the particular book, account or paper that he desires to inspect, may, upon notice of not less than one day to such department, bureau or officer, apply to any justice of the supreme court for an order that he be allowed to make such inspection as such justice shall by his order authorize, and such order shall specify the time and manner of such inspection," are relied upon. It will be observed that these two sections are not identical, and that section 1545 excepts books, accounts and papers in the police and law departments. Probably it would need no authority for the proposition that where the terms of the general statute and the special statute are not the same the terms of the special statute would control on the theory that such was the legislative intent in making special provisions for some particular municipality. In *Matter of Egan,* 205 N. Y. 147, 156, the Court of Appeals seemed to recognize that the provisions of the special statute must be observed. Now in

this case, as the papers sought to be inspected are in the law department and properly there, it would seem that section 1545, by its own provisions, defeats the petitioner's claim. Furthermore, the language used in *People ex rel. Woodill* v. *Fosdick,* 141 App. Div. 450, 453, seems appropriate in this case, namely: "The section specifically describes what a taxpayer is entitled to inspect and have copies of. They are the ' books, accounts and papers in any department or bureau thereof,' except the police and law departments. These words clearly refer to the books, accounts and papers showing the transactions of the department or bureau, but not to the information, whether reduced to written form or not, upon which the head of the department or bureau relied in determining upon a course of action." In the present instance, it appears that the reports, records and documents which are sought to be examined are reports made by investigators with reference to the subject matter of the action brought by the petitioner. Within the language above quoted, I do not think the papers to which this application is directed are of the character described and intended by the statute. The motion is therefore denied, with ten dollars costs.

Motion denied, with costs.