In the Matter of MATTHEW J. LANGERT, Respondent, against CHARLES H. TENNEY, as Commissioner of Investigation of the City of New York, Appellant.

First Department, May 13, 1958.

*Edward A. Doberman* of counsel (*Seymour B. Quel* with him on the brief; *Peter Campbell Brown, Corporation Counsel,* attorney), for appellant.

*Edwin E. Roberts* for respondent.

BREITEL, J. The question is whether the Commissioner of Investigation of the City of New York may be compelled, at the private suit of an accused city building inspector, to disclose the name of an informant and the content of the communication made by such informant. The proceeding was brought under sections 295 and 296 of the Civil Practice Act for the purpose of obtaining and then using the information in an action for defamation to be brought against the informant or those who impelled him.

Special Term granted the petition, and the commissioner appeals.

The order granting the petition should be reversed and the petition dismissed on the ground that the commissioner has a public interest privilege which prevents disclosure. The essential confusion in the matter is between that of the qualified

privilege of the informant (see *Pecue* v. *West,* 233 N. Y. 316) and the privilege based on public interest conferred on some public officers in connection with the performance of their duties where the public interest requires that such confidential communications, or the sources, not be divulged (*People* v. *Keating,* 286 App. Div. 150, 152–153).

Petitioner is an inspector in the department of buildings of the City of New York. In 1957, petitioner allegedly found a violation in a certain building. He became involved in an argument with the owner. Thereafter, an accusation was placed against petitioner charging that he had attempted to extort a sum of money in connection with the alleged violation. Petitioner believes the building owner was responsible for the charge. The accusation was investigated by the Commissioner of Investigation, but no findings were made against petitioner. He proposes now to bring an action for defamation against the informant, or those who impelled him, but he presently lacks the information as to who was the informant and what was the nature of the communication.

There are a number of statutory privileges. These are generally absolute, both in the sense of providing immunity in tort and in not being affected by the purpose, motive, or basis with which the confidential communication was made. In addition to the statutory privileges, there is a public interest privilege, covering confidential communications, available to certain public officers in the executive branch in certain contexts. While there is a split of authority whether this privilege is under some circumstances absolute, or whether it is always qualified (see *People* v. *Keating, supra*), determination of that question is not crucial to this matter. What is clear is that the qualification, if any, of the privilege does not turn upon the private purpose with which the informant made the confidential communication, but on whether the public interest is better served by disclosure or by keeping the seal of confidence. (*Cf. People* v. *Walsh,* 262 N. Y. 140, 149; see, also, *Vogel* v. *Gruaz,* 110 U. S. 311, 315.) The concern here is with the privilege of the public officer, the recipient of the communication, rather than with the privilege of the maker of the communication.

The highly confidential and investigative function performed by the Commissioner of Investigation of the City of New York has been clearly determined by the Court of Appeals (*Matter of Cherkis* v. *Impellitteri,* 307 N. Y. 132). The very purpose of that office would be defeated if communications made to the commissioner were subject to revelation at the suit of the affected individual. In this respect the commissioner's function

is closely allied to that of the District Attorney or the police officer (*Lewis* v. *Roux Trucking Corp.*, 222 App. Div. 204; *People ex rel. Woodill* v. *Fosdick*, 141 App. Div. 450, 452–453; cf. *Nields* v. *Lea*, 274 App. Div. 890). Generally, the information received or the records made thereof by public investigating officials is not subject to disclosure or inspection, but there are exceptions. (*People* v. *Walsh*, 262 N. Y. 140, 149, *supra*; *People ex rel. Lemon* v. *Supreme Court*, 245 N. Y. 24; 8 Wigmore on Evidence [3d ed.], § 2374.)

Thus, for instance, upon a criminal trial the court has power to compel disclosure of matter admissible in evidence, relevant to the innocence of the defendant, and not countervailed by a superior public interest (*People* v. *Walsh, supra*; *People ex rel. Lemon* v. *Supreme Court, supra; Roviaro* v. *United States*, 353 U. S. 53, 59–62). It is in this sense that the public interest privilege of the public official may be qualified, that is, the privilege is displaced by a superior public interest, if there be one. So, in a public interest privilege of a public official in the executive branch, a balancing of public convenience is involved. On the other hand, with certain statutory privileges and the public interest privilege asserted by a private person, who has imparted the confidential communication, these may be subject to denial because of improper purpose, malice, or other "disqualifying" circumstance.

Authorities aside, the controlling public interest with regard to the Commissioner of Investigation is that persons be free to lay accusations and information before him without fear that the commissioner may be compelled to make disclosure. It is just about universally true that an investigator is able to encourage such free communication only if he can give assurance that the communication and the identity of its maker will be kept confidential. That public policy is not to be denied except in extraordinary circumstances, such as in the criminal case where the disclosure may be relevant to proof of innocence.

If the petitioner in this case has any remedy, it is not against the commissioner, though it may be against those whom he believes gave impulse to the accusation against him. Even this, however, may involve other questions of privilege, and perhaps the balancing of public convenience (cf. *Worthington* v. *Scribner*, 109 Mass. 487; *Vogel* v. *Gruaz*, 110 U. S. 311, *supra*). As to them, they may have no privilege, or if they do, the claim of privilege may be nonavailing because of the presence of malice, improper purpose, insufficient basis for the accusation, or other disqualifying circumstance (*Pecue* v. *West*, 233 N. Y. 316, *supra*; 140 A. L. R. 1466 *et seq.*).

Accordingly, the order granting the petition should be reversed, as a matter of law, and in the exercise of discretion, and the petition dismissed, with costs and disbursements to respondent Commissioner of Investigation.

BOTEIN, P. J., RABIN, FRANK and McNALLY concur.

Order unanimously reversed on the law, with $20 costs, and disbursements to the respondent-appellant and the motion of petitioner is denied and the cross motion of the respondent to dismiss the petition is granted, with $10 costs. [See 6 A D 2d 771.]