In the Matter of DIVISION OF STATE POLICE, et al., Petitioners, v DAVID O. BOEHM, as a Justice of the Supreme Court, et al., Respondents.— Judgment unanimously granted, without costs, prohibiting respondent Honorable David O. Boehm from conducting further proceedings to require petitioners to disclose their sources of information. Memorandum: Louis A. Salerno, Building Inspector of the Village of Lyons, Wayne County, for 20 years, was discharged from his position because of an asserted "conflict of interests", but the Mayor declined to specify the basis thereof. Alleging that the New York State Police had been asked to investigate him and asserting his suspicion that certain persons had improperly conspired to have him removed from office, Salerno moved at Special Term, Supreme Court, under CPLR 3102 (subd [c]) before respondent Mr. Justice David O. Boehm on notice to State Police Investigator, Officer Theodore R. Reese, for an order authorizing Salerno to examine Officer Reese to ascertain the names of the informants who instigated the investigation of Salerno and the circumstances thereof, as a basis for Salerno to bring an action for damages against such informants. Before the return day of that motion Salerno's attorney, Anthony J. Villani, Esq., submitted a "confidential" three-page letter to Justice Boehm, advising the court of Salerno's suspicions of the background of the investigation of him and naming those he believed to be responsible. On the return date the court orally directed Reese to disclose to the court in camera his confidential source of information, which it is alleged he did. The court then revealed receipt of attorney Villani's letter and directed that a copy thereof be given to the Deputy Attorney-General on behalf of the State Police. The court further directed that a hearing of Reese be held in camera to make a record of the information underlying his investigation of Salerno, the court providing that the Deputy Attorney-General and Salerno's attorney would be permitted to be present at such hearing. The Division of State Police and Investigator Reese then petitioned this court in an article 78 proceeding to prohibit Justice Boehm from proceeding with such examination of Reese. In light of the information revealed to Justice Boehm in the confidential letter by Salerno's attorney, it appears that the examination of Reese is unnecessary for Salerno to institute his civil action (see Matter of Langert v Tenney, 5 AD2d 586, 589, app dsmd 5 NY2d 875); but even so that is not controlling on this application for a writ of prohibition. Petitioners rest their application on the public interest privilege which in this instance exists to protect people who confide in the

State Police and thus assist the police in their investigations of criminal activity *(Cirale v 80 Pine St. Corp.,* 35 NY2d 113, 117-118; *Matter of Langert v Tenney, supra,* p 588; Public Officers Law, § 87, subd 2, par [e], cl iii). The right of discovery to enable a citizen to obtain information essential for the prosecution of a civil action must be subordinated to the public interest privilege *(Jones v State of New York,* 58 AD2d 736; *Matter of Langert v Tenney, supra).* We conclude, therefore, that it was an abuse of discretion for respondent Justice Boehm to require petitioner Reese to divulge the sources of his information in this matter. (Art 78.) Present—Dillon, P. J., Cardamone, Simons, Hancock, Jr., and Witmer, JJ.