OPINION OF THE COURT
Doris Ling-Cohan, J.
The issue before the court is whether the personnel records of a city employee (nonlaw enforcement) are discoverable or protected by a public interest privilege, as the City asserts.
*892 Plaintiff commenced this action to recover damages for injuries he sustained while cycling in Central Park on November 30, 2000, when he was in an accident with defendant Pedro L. Augusto, who was driving a New York City Department of Parks truck at the time. Plaintiff alleges that defendant City of New York was negligent in the hiring, retention, training and supervision of Augusto.
Plaintiff seeks disclosure of documents contained in Augusto’s personnel file which pertain to the extent of his qualifications, training, prior similar accidents or occurrences, evaluations, complaints and incidents which would have placed the City on notice of his propensities to careless, negligent or reckless conduct. The City opposes the production of the requested documents asserting the common-law public interest privilege.
Discussion
Under CPLR 3101 (a), “[t]here shall be full disclosure of all matter material and necessary in the prosecution or defense of an action, regardless of the burden of proof . . . .” This provision has been liberally construed to require disclosure, upon request, of “any facts bearing on the controversy which will assist preparation for trial.” (Allen v Crowell-Collier Publ. Co., 21 NY2d 403, 406 [1968].) Thus, pretrial discovery is to be encouraged and “restricted only by a test for materiality ‘of usefulness and reason’.” (Hoenig v Westphal, 52 NY2d 605, 608 [1981] [citation omitted].)
A public interest privilege inheres in certain official confidential information in the care and custody of governmental entities and permits appropriate parties to protect information from ordinary disclosure, as an exception to liberal discovery rubrics. (Matter of World Trade Ctr. Bombing Litig., 93 NY2d 1, 8 [1999].) Specifically, the public interest privilege “attaches to ‘confidential communications between public officers, and to public officers, in the performance of their duties, where the public interest requires that such confidential communications or the sources should not be divulged’.” (Cirale v 80 Pine St. Corp., 35 NY2d 113, 117 [1974] [citations omitted].) Not all governmental information is privileged and “[t]here must be specific support for the claim of privilege.” (Cirale, 35 NY2d at 118.)
Entitlement to the privilege requires demonstration by the government of the “specific public interest that would be *893 jeopardized by an otherwise customary exchange of information.” (Matter of World Trade, 93 NY2d at 8, citing Cirale, 35 NY2d at 119.) The privilege turns on whether the public interest is better served by disclosure or by keeping the seal of confidence. (Matter of Langert v Tenney, 5 AD2d 586, 588 [1st Dept 1958].) To that end, the court must perform a balancing test between the harmful effect of disclosure to the public interest and the potential injury imposed on the party seeking the requested information if such were deemed undiscoverable. (See Cirale, 35 NY2d at 118.) Where disclosure would be more harmful to the interests of the government than the interest of the party seeking the information, the overall public interest would then be better served by nondisclosure. (Id.) It should be noted, however, that the public interest encompasses the needs of the government as well as societal interests in redressing private wrongs and seeking fair adjudication in private litigation. (Id.) Thus, the balancing that is required goes to the determination of the harm to the overall public interest. (Id.)
The public interest and what constitutes sufficient potential harm to it are necessarily flexible concepts and are judicial determinations based on the facts of each case. (See Matter of World Trade, 93 NY2d at 8; Cirale, 35 NY2d at 118.) Thus, whether the privilege attaches in a particular case is a “fact-specific determination for a fact-discretion weighing court, operating in camera, if necessary.” (Matter of World Trade, 93 NY2d at 8.) In the present case, the City consented to submit and has submitted Augusto’s personnel file for in camera review before this court pursuant to an order dated May 29, 2003.*
Here, the City argues that disclosure of Augusto’s personnel file, which consists mainly of evaluations, would be an invasion of the thought processes and policy-making functions of the Central Park Conservancy. Moreover, the City claims that disclosure would ultimately render evaluations ineffectual as supervisors would be chilled from using candor in identifying problematic situations and personnel if they could be subject to publication in civil litigation. Thus, the City argues that the public interest in maintaining an honest and effective evaluation process within the Conservancy outweighs the need for plaintiff to have access to the requested materials. The City, *894 however, has not supplied any case, nor has the court found one in its research, which holds that personnel records of such a nature are protected by the public interest privilege.
While it is true that the balancing of interests can include the weighing of “the encouragement of candor in the development of policy against the degree to which the public interest may be served by disclosing information which elucidates thé governmental action taken” (Matter of World Trade, 93 NY2d at 9), the City’s arguments are not convincing. The court is not persuaded that the candor of Augusto’s evaluators would be diminished by the speculative prospect that their evaluations may one day be discoverable in a civil action.
Thus, the court finds that, generally, personnel records of nonlaw enforcement city employees do not constitute policy-making materials and therefore are not protected by the public interest privilege. In making such a finding, however, the court notes that certain documents or portions of documents contained in a particular employee’s personnel file may be shielded from disclosure on some other basis, such as they are not material and necessary to the action, or because they are protected by a privilege other than the public interest privilege. Further, any references to an individual’s Social Security number or other personal information of such nature should be redacted.
Here, after conducting an in camera inspection of the subject personnel records, the court finds that several of the documents in Augusto’s personnel file are discoverable as they are material and necessary to the claims in this case, and not protected by the public interest privilege.
Accordingly, within 20 days of service of a copy of this order with notice of entry, the City shall supply to plaintiff copies of the following documents: (1) memo from Neil Calvanese to Bill Berliner dated October 9,1996 with the subject heading “Verbal Warning Given to Pedro Augusto—Zone Gardener, S.W Corner”; (2) Central Park supervisor’s conference with employee dated August 20, 2000; (3) 2000 annual performance appraisal; (4) 1999 annual performance appraisal; (5) performance evaluation report signed by Augusto on September 23, 1998; (6) performance evaluation report for the performance period September 1996-1997; (7) performance evaluation report for the performance period September 1995-1996; and (8) performance evaluation dated November 30, 1992. The remaining documents in *895 Auguste’s personnel file produced for in camera review are not sufficiently related to the within claims, and therefore are not relevant, nor material and necessary to this action to warrant that this court compel their release to plaintiff. (See CPLR 3101 [a]; Allen, 21 NY2d 403 [1968].)

 Such order was modified by subsequent orders dated August 7, 2003 and September 15, 2003 to provide the City additional time to submit the subject records to the court.