Benjamin Brenner, J.
Motion by plaintiff for an order directing examination of defendant before trial by various members of the Police Department of the City of New York.
The action is in negligence. There are four causes of action for wrongful death and for conscious pain and suffering, contained in the complaint, the sufficiency of which has been sustained by a divided court in the Court of Appeals (Schuster v. City of New York, 5 N Y 2d 75). In general, the purport of the complaint is that the city’s Police Department failed to furnish protection to the decedent and falsely represented the absence of danger to him after he had furnished the defendant with information leading to the arrest of one Sutton.
Plaintiff not only seeks examination of various designated members and officers of the Police Department, but also, without specifically naming them, seeks to examine any and all members of the department who had anything to do with the investigation into the death of plaintiff’s intestate and the efforts made to apprehend his assailant. Plaintiff also seeks to discover and make copies of all records of the Police Department in connection with such death and the efforts made to apprehend the assailant. Defendant opposes the motion on the ground that the information given to the Police Department is of a confidential nature and privileged.
In support of the application plaintiff cites from the prevailing opinion and a concurring opinion in the Court of Appeals which sustained this complaint, and also cites Jencks v. United States (353 U. S. 657). The decision of the Court of Appeals, while sustaining the complaint, did not enlarge or alter the practice or requirements with respect to an examination before trial. *518 The Jencks case (supra) dealt with a criminal prosecution and, in addition, concerned the use of reports of witnesses for the purpose of impeaching such witnesses’ testimony and did not touch upon the use of such reports in connection with an examination before trial. Indeed, the holding in that case was in keeping with decisional law which recognizes the right to refuse to produce records, etc., of a privileged and confidential nature, in civil cases, where the protection of vital national interest might militate against their public disclosure. (Matter of Langert v. Tenney, 5 A D 2d 586, 589, appeal dismissed 5 N Y 2d 875; Matter of Egan, 205 N. Y. 147; People v. Keating, 286 App. Div. 150,152.)
As early as 1872, in Worthington v. Scribner (109 Mass. 487), the court outlined the duties of citizens relative to information required to be furnished to the government and the confidential nature of such information. Justice Gbay there stated (pp. 488-489): “ It is the duty of every citizen to communicate to his government any information which he has of the commission of an offence against its laws. To encourage him in performing this duty without fear of consequences, the law holds such information to be among the secrets of state, and leaves the question how far and under what circumstances the names of the informers and the channel of communication shall be suffered to be known, to the absolute discretion of the government, to be exercised according to its views of what the interests of the public require. Courts of justice therefore will not compel or allow the discovery of such information, either by the subordinate officer to whom it is given, by the informer himself, or by any other person, without the permission of the government. The evidence is excluded, not for the protection of the witness or of the party in the particular case, but upon general grounds of public policy, because of the confidential nature of such communications.” This case has frequently been cited by our courts on the question of privileged communications.
It is thus clear that the discovery of documents which are privileged from disclosure upon the ground of public policy may not be had in a civil suit. The rule applies as well to public officers as to confidential communications. (People v. Keating, supra.) This is not to say, however, that no examination may be had, but rather that an examination may not be had which would disclose such confidential communications.
The motion is disposed of as follows: Items 1, 4 and 6 are allowed; items 2 and 5 are denied as being too general and as calling for confidential information, the disclosure of which is *519 against public policy. The disclosure sought by these items, moreover, would hamper, impede and prejudice the work of the Police Department in the apprehension of criminals and would also tend to endanger the lives of persons from whom information as to the possible assailant of plaintiff’s intestate was obtained; item 3 is entirely too broad and too general and is amended, to permit, generally, an examination as to the relevant facts and circumstances respecting notice of threats received by the decedent and his family and by the Police Department, what action was taken with respect to such threats and, generally, the nature and scope of the protection afforded the deceased by the Police Department, and as so amended, this item is allowed.
Defendant will appear for examination at Special Term, Part II of this court at a time and on a date to be agreed upon and inserted in the order to be entered hereon. If the parties cannot agree, the court will fix the time. Defendant will produce upon such examination such members or officers of the Police Department having knowledge of the matters to be examined upon, as limited and allowed herein. (The choice of persons having such knowledge does not rest, in the first instance, with the examining party. See United States Overseas Airlines v. Cox, 283 App. Div. 31; Hansen v. City of New York, 283 App. Div. 891.) Defendant will also produce upon such examination all pertinent books, records, etc., which books, etc., are to be used to refresh the recollection of the witness upon the examination. The motion for discovery and inspection is denied without prejudice to a subsequent application therefor upon a showing of the necessity thereof. The motion is granted as indicated and in all other respects denied.
Settle order on notice.