Benjamin Beenneb, J.
This is a motion by plaintiff under section 288 of the Civil Practice Act for an examination before trial of the New York City Board of Education (hereinafter referred to as the Board) as a witness, by certain physicians employed by the Board and for the production of certain documents upon said examination.
Plaintiff, a former school teacher, is suing a junior principal for libel and slander, claiming that defendant made false and defamatory statements as to plaintiff’s mental condition and her capacity to perform her duties as a school teacher. Medical examinations were conducted by the Board’s physicians because of such statements and it is as to these medical examinations that the plaintiff seeks to examine before trial.
The defendant claims that the Board of Education as an agency of a municipal corporation may not be examined as a witness before trial. While this may have been the rule previously, the present rule as to an examination of a witness rendered proper by special circumstances, as laid down by the *897 Court of Appeals in City of Buffalo v. Hanna Furnace Corp. (305 N. Y. 369, 376) is that “ insofar as section 288 permits the pretrial examination of 1 any * * * person ’ other than a
party as a witness, there is no basis or warrant for concluding that the statute does not apply to an officer, agent or employee of such an entity as a corporation, or the state or any civil subdivision thereof.” (Emphasis supplied. See, also, Southbridge Finishing Co. v. Golding, 2 A D 2d 430.) Hence a municipal corporation is no more exempt from examination as a witness where “ special circumstances render it proper ” than any other person.
In the instant case the special circumstance alleged is that the Board is a hostile witness, which contention the defendant denies. It appears, however, that the Corporation Counsel is representing this defendant on the theory that the acts of the defendant, which are the basis of the alleged slander, were made in the course of the defendant’s duties as an employee of the Board. Additionally, it cannot be denied that the Board is an interested party and as such, while possibly not hostile, is certainly a reluctant and unwilling witness and should be examined under the section. (Fahey v. South Nassau Communities Hosp., 275 App. Div. 1056; Schuster v. City of New York [2], 20 Misc 2d 519.)
The defendant argues further that a medical examination and its results involve a “ work product ” of the Board and “ a very highly confidential matter” and as such cannot be the subject of an examination before trial. The cases cited stand only for the proposition that the work product of a party or its attorney in preparation for litigation may not be the subject of an examination. In the instant case the subject reports are in the category of records made in the ordinary course of the Board’s business in its continuing supervision of the qualifications of teachers. As such they are subject to production and examination at an examination before trial as would be the records of any other business (Fahey v. South Nassau Communities Hosp., supra; Romano v. Mount Sinai Hosp., 150 N. Y. S. 2d 246), even where a discovery and inspection of the same documents has previously been denied because a motion under section 324 of the Civil Practice Act would not lie against a witness (Civ. Prac. Act, § 296, subd. 2; Feuchtwanger v. Hoffman, 1 A D 2d 803).
The theory that the reports are “highly confidential” and thus of a privileged nature is also untenable. These reports are not the type of documents which are privileged from dis *898 closure upon the ground of public policy as involving security or secret police information. (See my opinion in Schuster v. City of New York [1], 20 Misc 2d 516, supra.) Neither are they privileged because of any physician-patient relationship since here it is the patient herself who seeks their disclosure. (Matter of Weiss [Mt. Sinai Hosp.], 208 Misc. 1010.)
Silverman v. Moss (107 N. Y. S. 2d 475), cited by defendant in support of her contention concerning the privileged nature of the Board’s “ highly confidential” reports, is not pertinent. There the court only indicated that no statute or law gave a teacher the right to examine reports of previous medical examinations prior to a determination of physical or mental incapacity. Here the statutes (Civ. Prac. Act, §§ 288, 296, subd. 2) directly provide for the examination of the reports prior to trial. Nor may the materiality and necessity of these reports be questioned, for one of the elements in this suit for libel, and slander may be the truth or falsity of the defendant’s statements as to plaintiff’s disability which the medical reports will help establish.
Plaintiff’s demand for the examination of the Board through specifically named doctors is denied. The choice of persons to be examined in behalf of a corporation does not rest with the examining party (Hansen v. City of New York, 283 App. Div. 891; United States Overseas Airlines v. Cox, 283 App. Div. 31). The motion is granted and the Board of Education shall be examined as a witness through persons having knowledge of the facts sought to be elicited at said examination at Special Term, Part II at this courthouse on the 30th day of October, 1959, or at such other time and place as the parties may agree, at which time the Board shall be required to produce all reports concerning the medical examination of the plaintiff, which reports shall be available to the plaintiff for all purposes specified under section 296 of the Civil Practice Act.
Settle order on notice.