Frank S. McCullough, J.
Counsel for the defendant County of Westchester has made an offer of proof consisting of certain portions of the police blotter of the County Parkway Police Department. The purpose of the offer is to establish by means of section 374-a of the Civil Practice Act (records kept in the regular course of business) the road surface conditions that prevailed in the vicinity of the accident by means of reports of officers made in accordance with the rules, regulations and requirements of the Police Department. This offer was made at the close of the day’s testimony, in the absence of the jury. The court had previously ruled that the officer’s memorandum book and the portions of the blotter which contained his report based on his observations are admissible as were the portions of the report which were within his knowledge. The officer personally testified as to the surface conditions which he described as icy.
The plaintiff’s claim is based on an alleged defect in the parkway which permitted the accumulation of ice causing the car *1063 in which the plaintiff was a passenger to skid as a result of which she sustained severe and extensive personal injuries.
The Westchester County Administrative Code (L. 1948, ch. 852) provided: “ § 501. Claims for damages; limitation of time for filing; notice of intention to sue; time for commencement of action; omission to present claim a bar to action. No civil action shall be maintained against the park commission or the county for damages or injuries to the person sustained solely in consequence of the existence of snow or ice upon any walk, path, steps, park, parkway or pavement, unless written notice thereof, relating to the particular place, was actually given to the park commission and the clerk of the county board and there was a failure or neglect to cause such snow or ice to be removed, or the place otherwise made reasonably safe within a reasonable time after the receipt of such notice; nor shall any action be maintained against the park commission or the county for damages or injuries to person or property sustained in consequence of any park, parkway, boulevard, bridge, culvert, public building, public lands or public work being defective, out of repair, unsafe, dangerous, or obstructed unless it appear that written notice of the defective, unsafe, dangerous or obstructed condition thereof was actually given to the park commission and the clerk of the county board and that there was a failure or neglect within a reasonable time after the giving of such notice to repair or remove the defect, danger or obstruction complained of, or in the absence of such notice it appear that such defective, unsafe, dangerous, or obstructive condition existed for so long a period of time that the same should have been discovered and removed in the exercise of reasonable care and diligence.”
No proof has been offered of a prior written notice and it is apparent from the pleadings that if the plaintiff is to recover it must be on the theory of constructive notice by reason of the existence of the defective condition.
The question now before the court could well be the crux of the case.
The court has examined Johnson v. Lutz (253 N. Y. 124); Trbovich v. Burke (234 App. Div. 384); Needle v. New York Rys. Corp. (227 App. Div. 276); Skoller v. Short (35 N. Y. S. 2d 68); Sherman v. Hoffman (19 Misc 2d 895) and Kelly v. Wasserman (5 N Y 2d 425) and comes to the conclusion that the police blotter is competent evidence insofar as it relates to the reports given by other officers concerning general surface conditions prevailing in the area of the accident at or about the time of the accident, if made in accordance with the rules, regulations and requirements of the department.
*1064 ■As was stated in the Kelly v. Wasserman case (supra, p. 429): ‘ ‘ Bnt even if it be assumed that the matter offered was hearsay, still: ‘ The purpose of section 374-a of the Civil Practice Act was to overcome the objection of the hearsay rule ’,” citing Matter of Goddington (307 N. Y. 181,195).
The court further pointed out in Kelly v. Wasserman (p. 430): ‘ ‘ All other circumstances of the making of such writing or record, including lack of personal knowledge by the entrant or maker, may be shown to affect its weight, but they shall not affect its admissibility.”
The court rules therefore in accordance with the foregoing that the police blotter entries are admissible to establish the existence of surface road conditions, if made in accordance with the provisions of section 374-a of the Civil Practice Act and pursuant to the rules, regulations and requirements of the department.