Emmett J. Schnepp, J.
This is a motion by plaintiff pursuant to CPLR 3124 and 3126 to compel the defendant to produce and disclose the service file and record of Howard L. Davies, an officer of the Police Department of the City of Rochester, photographs taken during a peace rally and the minutes of the Grand Jury testimony given by the police officer.
The action is against the city for damages following an alleged physical assault by Officer Davies upon the plaintiff, Maryelizabeth Sanderson. The complaint alleges that the police officer had committed previous assaults of which defendant had knowledge and that the defendant was negligent in *962 retaining Davies on the police force. On the oral argument at Special Term the court directed that the defendant make available any photographs in its possession relating to the demonstration and denied the application for the Grand Jury testimony, it not being an item in the custody, control or possession of the defendant.
The remaining question relates to the extent to which the service records of Davies are subject to disclosure. Defendant claims that the file contains critiques and evaluations by superior officers, comments by associates and complaints and communications received from citizens and are personal confidential police records consisting for the most part of interoffice communications.
The complaint asserts a cause of action for negligence in retaining an employee when damage to others may reasonably be anticipated and, unless exempt from disclosure, the personnel file is material and necessary for the prosecution of the action. (Watson v Mix, 38 AD2d 779.) Confidential communications made to or between public officers, where the public official is acting in the performance of his duties and where public interest requires that the communication or its source should not be divulged, are privileged. Citizens should be free to provide information to the police without fear of disclosure. It is possible to encourage this type of free communication only when the police "can give assurance that the communication and the identity of its maker will be kept confidential.” (Matter of Langert v Tenney, 5 AD2d 586, 589.) The court should not compel the disclosure of such information upon general grounds of public policy, because of the confidential nature of the communication. (Schuster v City of New York, 20 Misc 2d 516, 518.) In People v Keating 286 App Div 150, 153) the court stated "The invocation of this rule of nondisclosure requires that (1) the person in whom the confidence is placed be a public official; (2) that he be acting in the performance of his duties; and (3) the communication be in the public interest.”
Applying these rules to the facts of this case, it is held that evaluations by superior officers, comments by fellow police officers of Davies, the identity of and the communication from an informer, where the information was imparted on a confidential basis and under circumstances reflecting that the confidentiality of the communication be preserved, are not subject to disclosure and the motion in this respect is denied. *963 Any information in the service file which would not disclose such confidential communications is subject to examination. The court retains jurisdiction for the purpose of supervising the disclosure proceeding, if the necessity therefor arises, including judicial examination of the service file in chambers.