■ BARRY R. BUHLER, Respondent, v SELMA J. SHERIDAN, Appellant.—Appeal unanimously dismissed with costs. Memorandum: We hold that an order deferring determination of a motion to compel discovery until after an in camera inspection of certain materials by the court does not affect a substantial right (see, CPLR 5701 [a] [2] [v]; cf., Howell v Independent Union, 112 AD2d 754; Bagdy v Progresso Foods Corp., 86 AD2d 589). A party aggrieved by an order entered after the court's in camera inspection may take an appeal (see, Matter of Summers v Faust, 110 AD2d 643). (Appeal from order of Supreme Court, Oswego County, Donovan, J.—discovery.) Present—Dillon, P. J., Doerr, Boomer, Pine and Lawton, JJ.

■ SKYLINE VINEYARDS, INC., Appellant, v BARNEY MORAVEC, Respondent.—Order unanimously modified on the law and as modified affirmed without costs and matter remitted to Supreme Court, Yates County, for further proceedings in accordance with the following memorandum: The court erred in its determination that a forklift truck and clamp attachment levied upon by the Sheriff could be sold to satisfy respondent's judgment against Villa D'Ingianni Winery. The evidence before the court in this proceeding commenced pursuant to CPLR 5239 demonstrated that petitioner was the owner of the forklift truck and respondent's conclusory allegations failed to raise a question of fact on this issue. Therefore, petitioner's application seeking possession of the forklift truck is granted.

In our view, however, the proof submitted by the parties did not support a summary disposition as to ownership of the clamp attachment. Petitioner alleged that the truck and the clamp were considered to be one unit, but respondent submitted proof that the clamp had been purchased separately by Villa D'Ingianni Winery several years before the forklift truck was first leased. Therefore, the matter is remitted to Supreme Court for a separate trial to determine ownership of the clamp attachment. (Appeal from order of Supreme Court, Yates County, Dugan, J.—levy property.) Present—Dillon, P. J., Doerr, Boomer, Pine and Lawton, JJ.