■ PATRICK F. MAHONEY et al., Respondents, v THOMAS F. STAFFA, Defendant, and TEMPORARY COMMISSION OF INVESTIGATION OF THE STATE OF NEW YORK, Appellant.—Kane, J. P. Appeal from an order of the Supreme Court (Hughes, J.), entered February 22, 1990 in Albany County, which, *inter alia,* required the Temporary Commission of Investigation of the State of New York to submit all documents requested in plaintiffs' subpoena duces tecum.

The suit underlying this appeal alleges various tort causes of action against defendant stemming from two investigations involving plaintiffs that were conducted by the Temporary State Commission of Investigation of the State of New York (hereinafter Commission) at a time when defendant was chief counsel thereto. During the course of the action, plaintiffs served the Commission's then chief counsel with a notice to take deposition upon oral examination, as well as a subpoena duces tecum seeking production of records compiled and prepared during the two investigations at issue. The Commission moved for a protective order pursuant to CPLR 3103 prohibiting plaintiffs from taking the requested deposition together with an order pursuant to CPLR 2304 to quash the subpoena on the ground that the records and information sought were privileged. Plaintiffs then cross-moved pursuant to CPLR 2308 and 3124 to compel disclosure. Thereafter, Supreme Court ordered the Commission to submit all requested documents for an in camera inspection and ordered that the motion and cross motion be continued until the court completed that inspection. The Commission has now appealed that order.

We affirm. As an initial matter, we note that the order appealed from herein merely defers determination of the discovery motions until after Supreme Court's in camera inspection of certain materials. As such, it does not affect a substantial right and may not be appealed as of right *(see,* CPLR 5701; *Buhler v Sheridan,* 134 AD2d 822). However, we elect to treat the Commission's notice of appeal as an application for leave to appeal pursuant to CPLR 5701 (c) and hereby grant permission to appeal *sua sponte.*

The single issue on appeal is whether Supreme Court abused its discretion in ordering an in camera review of the documents and information sought by plaintiffs. The Commission argues that a public interest privilege requires that certain information in the hands of governmental agencies be protected from disclosure *(see, Cirale v 80 Pine St. Corp.,* 35 NY2d 113, 117) and that "[t]he argument for non-disclosure is so overwhelming that requiring an *in camera* inspection of the

documents prior to so concluding was unnecessary and inappropriate". We disagree. In situations where it is difficult to determine if the assertion of the privilege is warranted, it is proper for the court to conduct an in camera inspection of the material requested *(see, supra,* at 119). Although in camera inspections may be more the exception than the rule *(see, supra),* we cannot conclude on the record before us that such inspection was not warranted in this instance. Supreme Court's order reflects a reasonable exercise of its discretion in these matters and we do not find, as a matter of law, any abuse of that discretion in the order appealed from.

Permission to appeal granted, *sua sponte.* Order affirmed, without costs. Kane, J. P., Casey, Levine, Mercure and Harvey, JJ., concur.