■ PATRICK F. MAHONEY et al., Respondents, v THOMAS F. STAFFA, Appellant.—Mahoney, P. J. Appeal from that part of an order of the Supreme Court (Hughes, J.), entered May 1, 1990 in Albany County, which denied defendant's motion to compel plaintiff Patrick F. Mahoney to comply with defendant's discovery demands.

This appeal stems from an action in which both the individual and corporate plaintiffs allege that defendant, who is Chief Counsel for the State's Temporary Commission of Investigation (hereinafter SIC), injured them by deliberately conducting a campaign to harass, defame and injure plaintiffs, particularly in their business reputation.* Sometime after the commencement of this action, plaintiffs' counsel, with plaintiff

---

* This matter has been before this court on two prior occasions, once regarding defendant's motion to dismiss plaintiffs' cause of action in the Court of Claims *(Mahoney v Temporary Commn. of Investigation*, 165 AD2d 233) and then concerning defendant's request that certain documents be considered immune from discovery in this Supreme Court action *(Mahoney v Staffa*, 168 AD2d 809).

Patrick F. Mahoney (hereinafter Mahoney) present, met and conversed with two Suffolk County police officers regarding an SIC investigation of alleged organized crime ties to the building industry. Plaintiffs' counsel also interviewed certain Town of Babylon officials, again with Mahoney present. At an examination before trial, Mahoney refused to answer defendant's questions about the content of the conversations, claiming the subject was privileged as attorney work product (CPLR 3101 [d] [2]). At the deposition, Mahoney also refused to divulge the names of individuals he speculated knew about the SIC's investigation and also refused to identify a Federal Bureau of Investigation agent from whom he received information. Defendant moved to compel Mahoney to provide the information at issue. Plaintiffs opposed the motion and Supreme Court held that Mahoney was not required to disclose the information requested. Defendant appeals.

We affirm. Defendant argues that Mahoney must reveal the names of known and potential witnesses, especially where, as here, claims of fraud are difficult to defend. In our view, Supreme Court correctly decided that Mahoney need not respond to defendant's questions regarding his conversations with Suffolk County police officers and Town of Babylon officials. Statements taken from witnesses to prepare for litigation are protected *(see, Warren v New York City Tr. Auth.,* 34 AD2d 749; *see also, Lane Bryant, Inc. v Cohen,* 86 AD2d 805). Further, Mahoney, a non-attorney, was present at the meetings requested by his attorney and he, with more evidence of truthfulness than mere speculation, indicated that trial strategy and legal theory were discussed *(see, Corcoran v Peat, Marwick, Mitchell & Co.,* 151 AD2d 443, 445). By so asserting, Mahoney has established a rebuttable presumption of qualified privilege and defendant has not offered any evidence of undue hardship in procuring the information he seeks by conducting interviews of his own *(see,* CPLR 3101 [d] [2]).

Mikoll, Yesawich Jr., Mercure and Harvey, JJ., concur. Ordered that the order is affirmed, with costs.