■ PATRICK F. MAHONEY et al., Respondents, v THOMAS F. STAFFA, Defendant, and TEMPORARY COMMISSION OF INVESTIGATION OF THE STATE OF NEW YORK, Appellant.—Yesawich Jr., J. Appeal from an order of the Supreme Court (Hughes, J.), entered June 25, 1991 in Albany County, which, *inter alia,* denied a motion by the Temporary Commission of Investigation of the State of New York pursuant to CPLR 2304 to quash a subpoena duces tecum.

The facts underlying this dispute appear in this court's prior decisions in this action (178 AD2d 875; 168 AD2d 809) and a related claim brought in the Court of Claims *(Mahoney*

*v Temporary Commn. of Investigation,* 165 AD2d 233). Previously, we affirmed Supreme Court's order requiring the nonparty Temporary Commission of Investigation of the State of New York (hereinafter the Commission) to submit certain investigative records sought by plaintiffs in a subpoena duces tecum for Supreme Court's in camera inspection (168 AD2d 809, *supra).* After reviewing these documents, Supreme Court found the Commission's various claims of privilege meritless and denied the Commission's motion, *inter alia,* to quash plaintiffs' subpoena and granted plaintiffs' cross motion to compel discovery. On appeal, the Commission argues that all responsive documents not already released are exempt from disclosure by reason of the attorney-client privilege, the attorney work product privilege, the common-law public interest privilege for confidential governmental documents, Civil Rights Law § 73 (8), or some combination thereof.

First, as urged by the Commission, we find that the letters exchanged between it and its attorneys concerning the progress of this and the related Court of Claims litigation (specifically, the Fuera Bush document Nos. 51, 52, 53, 54 and 55) are not subject to disclosure because of the attorney-client privilege *(see, Rossi v Blue Cross & Blue Shield,* 73 NY2d 588, 593). In passing, we note that plaintiffs apparently consider these documents to be beyond the reach of their discovery demand.

The Commission has not, however, met its burden of establishing its right to the other protective devices it asserts *(see, Spectrum Sys. Intl. Corp. v Chemical Bank,* 78 NY2d 371, 377). Inasmuch as the Commission conceded that it conducted its investigations at the behest of the Governor and in response to the suggestion of the First Deputy Commissioner of Environmental Conservation *(see, Mahoney v Temporary Commn. of Investigation, supra,* at 236) and submitted no evidence that litigation was contemplated during the course thereof, documents generated by those investigations are not privileged under the attorney work product rule *(see,* 3A Weinstein-Korn-Miller, NY Civ Prac ¶ 3101.49).

And, with respect to the contention that certain documents are protected by the common-law public interest privilege which "attaches to 'confidential communications between public officers, and to public officers, in the performance of their duties, where the public interest requires that such confidential communications or the sources should not be divulged' " *(Cirale v 80 Pine St. Corp.,* 35 NY2d 113, 117, quoting *People v Keating,* 286 App Div 150, 153), the Commission has not, either in the November 10, 1989 affirmation of Susan Shepard

in support of its motion or in the supplementary January 31, 1991 affirmation of Karen Greve, factually buttressed its claim that the disclosure sought by plaintiffs would jeopardize the public interest; hence, no such privilege attaches (see, *Cirale v 80 Pine St. Corp., supra,* at 118-119; *Matter of Mooney v Superintendent of N. Y. State Police,* 117 AD2d 445, 448; *Matter of Zuckerman v New York State Bd. of Parole,* 53 AD2d 405, 409; cf., *City of New York v BusTop Shelters,* 104 Misc 2d 702, 709). Furthermore, plaintiffs submitted an uncontroverted affidavit of the Corporation Counsel of the City of Albany to the effect that, to his knowledge, neither he nor any City official who provided information to the Commission did so under any promise of confidentiality (cf., *Jones v State of New York,* 58 AD2d 736; *Sanderson v City of Rochester,* 80 Misc 2d 961, 962; *Fischer v Citizens Comm.,* 72 Misc 2d 595, 599, *affd* 42 AD2d 692).

Finally, the claim that certain documents are exempt from disclosure by Civil Rights Law § 73 (8) is unpersuasive. That section of the statute plainly sets forth the procedure by which an investigative agency may disseminate certain testimony or other evidence to the public; it does not prohibit the court from ordering disclosure of such material under appropriate circumstances, i.e., where the aforementioned protections do not attach.

Mikoll, J. P., Levine, Mercure and Crew III, JJ., concur. Ordered that the order is modified, on the law, without costs, by reversing so much thereof as denied the motion of the Temporary Commission of Investigation of the State of New York to quash the subpoena duces tecum and for a protective order as to the Fuera Bush document Nos. 51, 52, 53, 54, and 55 and granted plaintiffs' cross motion compelling disclosure of these documents; motion granted and cross motion denied as to said documents; and, as so modified, affirmed.