■ CITY OF NEW YORK, Respondent, v CHURCH STREET REALTY ASSOCIATES et al., Appellants, et al., Defendant. [601 NYS2d 615] —Order of the Supreme Court, New York County (L. DeGrasse, J.), entered on January 28, 1992, which, *inter alia,* granted plaintiff's motion for a protective order, is unanimously modified, on the law, the facts, and in the exercise of discretion, to the extent of denying plaintiff's motion for a protective order, without prejudice to renewal after in camera inspection by the court, reversing the denial of defendants' cross motion to compel discovery, without prejudice to renewal upon complete submissions, and the matter is remanded with instructions to inspect the documents as to which privilege is claimed in camera, and to hear defendants' cross motion to compel discovery, and otherwise affirmed, without costs.

The issue on this appeal is whether the plaintiff City of New York must produce investigative reports made by its former employee or whether the reports are protected by a qualified privilege as materials prepared in anticipation of litigation. We hold that the motion court erred by granting the City's motion for a protective order without first conducting an in camera inspection *(see, James v Metro N. Commuter R. R.,* 166 AD2d 266, 268).

This action involves a dispute over the calculation of escalation pursuant to the terms of a lease between the City of New York as tenant and defendant Church Street Realty Associates. This action was commenced in May 1980. After Norman Davis retired from his position as Director of the Audits Bureau of the New York City Fire Department, he was retained as a consultant by the City for this litigation. Prior to his retirement, Mr. Davis had reviewed the ledgers of defendants' building. He was then hired by the Corporation Counsel as a consultant to assist in preparing this case for trial. While the City represents that it produced the reports prepared by Mr. Davis while he was a City employee, it has claimed privilege with respect to other reports prepared by Mr. Davis

as materials prepared in contemplation of litigation (CPLR 3101 [c], [d]). We express no opinion as to whether the privilege is properly claimed and hold only that the motion court should inspect the documents in camera to determine the privilege claim. Concur—Murphy, P. J., Sullivan, Milonas, Asch and Nardelli, JJ.