■ CARMEN S. GARCIA, Also Known as CARMEN GARCIA, as Administratrix of the Estate of LIZETTE DIAZ, Deceased, Appellant, v MONTEFIORE MEDICAL CENTER et al., Respondents. [617 NYS2d 775] —Appeal from an order, Supreme Court, Bronx County (Douglas McKeon, J.), entered January 7, 1994, which, *inter alia,* directed defendant Montefiore to turn over its in-house investigation file to the court for in camera inspection, unanimously dismissed as one taken from a nonappealable order, without costs.

The order deferring determination of a motion to compel discovery until after the motion court conducts an in camera inspection of materials claimed to be privileged does not affect a substantial right within the meaning of CPLR 5701 (a) (2) (v) *(Buhler v Sheridan,* 134 AD2d 822), and we are disinclined to grant leave to appeal to a party who has taken it upon himself to perfect an appeal without obtaining leave to appeal *(Greater N. Y. Mut. Ins. Co. v Lancer Ins. Co.,* 203 AD2d 515, 517; *but see, Mahoney v Staffa,* 168 AD2d 809). Were we to *sua sponte* grant leave to appeal, we would nonetheless affirm. The proper procedure, when investigative reports are claimed to be protected by the qualified privilege of materials prepared in anticipation of litigation, is for the motion court to conduct an in camera inspection *(City of New York v Church St. Realty Assocs.,* 196 AD2d 698). Moreover, a party aggrieved by an order entered after the court's in camera inspection may take an appeal as of right *(Buhler v Sheridan, supra).* Finally, we express no opinion as to whether the privilege is properly claimed *(City of New York v Church St. Realty Assocs., supra,* at 699). Concur—Ellerin, J. P., Rubin, Nardelli and Williams, JJ.