■ In the Matter of WORLD TRADE CENTER BOMBING LITIGATION. STEERING COMMITTEE (Representing Plaintiffs), Respondent-Appellant, v PORT AUTHORITY OF NEW YORK AND NEW JERSEY, Appellant-Respondent. [669 NYS2d 565] —Order, Supreme Court, New York County (Stanley Sklar, J.), entered May 13, 1997, which required defendant The Port Authority of New York and New Jersey to produce certain documents and portions of documents and protected other documents and portions thereof from disclosure, and orders, same court (Nicholas Doyle, Spec. Ref.), entered June 13, 1997 and July 17, 1997, which purported to modify the above-described order, unanimously modified, on the law, to vacate the orders of protection and to remand the matter to afford the IAS Court an opportunity to fashion an order requiring that any materials disclosed be kept confidential, and otherwise affirmed, without costs.

Initially, we reject the argument of defendant Port Authority that plaintiffs are precluded on this appeal from addressing the rationale underlying the court's interim order, in which it held that the public interest privilege was available to defendant Port Authority and ordered an in camera review of the documents sought (*see, Garcia v Montefiore Med. Ctr.,* 209 AD2d 208). Moreover, defendant Port Authority has presented no rationale supporting its contention that the public interest privilege, which protects from disclosure " 'confidential communications between public officers, and to public officers, in the performance of their duties, where the public interest requires that such confidential communications or the sources should not be divulged' " (*Cirale v 80 Pine St. Corp.,* 35 NY2d 113, 117, quoting *People v Keating,* 286 App Div 150, 153), should be available to a governmental agency while it is acting as a private entity in a completely non-governmental capacity. Here, while the Port Authority is, as a general matter, considered a State agency (*see, Whalen v Wagner,* 4 NY2d 575, 584), in its role as owner of the World Trade Center its function is indistinguishable from that of any other private landlord

operating a large office complex, a traditionally private activity. We therefore find that the public interest privilege is inapplicable.

Furthermore, insofar as the Port Authority objected to disclosure of certain documents on relevance grounds, we find that it has presented no rationale that would support a finding that documents relating to areas above the subgrade areas of the World Trade Center were irrelevant to this action.

Under these circumstances, we find that the documents sought should be disclosed in their entirety. However, in light of plaintiffs' consent to keep the documents "strictly confidential", we remand the matter so that the IAS Court may fashion, by settlement or more expansive proceedings, if required, a confidentiality order to ensure that disclosure will be subject to that condition. Concur—Ellerin, J. P., Wallach, Mazzarelli and Andrias, JJ.