■ PATRICK F. MAHONEY et al., Appellants, v THOMAS F. STAFFA, Respondent. [681 NYS2d 816] —Yesawich Jr., J. Appeals (1) from a judgment of the Supreme Court (Hughes, J.), entered June 26, 1997 in Albany County, upon dismissal of the cause of action for defamation at the close of plaintiffs' evidence, (2) from a judgment of said court, entered June 26, 1997, upon a verdict rendered in favor of defendant, and (3) from an order of said court, entered April 16, 1997 in Albany County, which denied plaintiffs' motion to set aside the verdict.

The facts underlying this action have been outlined in this Court's previous decisions (*see,* 178 AD2d 875; 168 AD2d 809; *Mahoney v Temporary Commn. of Investigation*, 165 AD2d 233, 236). In brief, plaintiffs, an engineer and the firm of which he was a principal, maintain that they were injured when defendant, while serving as chief counsel to the State's Temporary Commission of Investigation (hereinafter the SIC), commenced

and continued an intensive investigation into their business practices, and disseminated false and misleading information about plaintiffs in connection therewith, despite the absence of any legitimate grounds for these actions. As a result of this alleged "campaign" of harassing and defamatory conduct, plaintiffs contend, they suffered damage to their business reputation and lost substantial financial opportunities, for which they seek to recover under theories of defamation, prima facie tort and tortious interference with business relationships.

Plaintiffs appeal from two judgments and an order entered after trial: the first judgment dismissed their defamation cause of action, with respect to which Supreme Court found they had failed to establish a prima facie case; the second judgment dismissed the remaining two claims, in accordance with a jury verdict in defendant's favor; and the order denied plaintiffs' motion to set aside that verdict, on the ground that they had been denied a fair trial. Finding plaintiffs' arguments unconvincing, we affirm the two judgments and the order.

With respect to the defamation claim, plaintiffs' chief contention is that Supreme Court erred by refusing to allow plaintiffs to elicit testimony to the effect that an SIC investigator, ostensibly acting under defendant's "direction and control", had uttered defamatory and damaging statements about plaintiffs, and that in doing so the court effectively precluded plaintiffs from proving their case. Inasmuch as there was no probative record evidence that defendant directed the investigator to make the remarks plaintiff sought to introduce, or that the investigator was acting on behalf of, or had any authority to speak for, defendant, those remarks, being as they were those of a third party, could not have supported a finding that defendant defamed plaintiffs (*cf., Cubby, Inc. v CompuServe, Inc.*, 776 F Supp 135, 143; *McNally v Yarnall*, 764 F Supp 838, 852; *Kjar v Jordan*, 217 AD2d 981; *Jee v New York Post Co.*, 176 Misc 2d 253, 256-257). In fact, the proof establishes that defendant did not exert significant control over the day-to-day activities of the investigators, who were directly supervised by their "team leader" (another attorney), or by the Acting Chief Investigator. Nor could defendant be held responsible for the investigators' statements under principles of respondeat superior, for he was not their employer (*cf., Mihalakis v Cabrini Med. Ctr.*, 151 AD2d 345, 347, *lv dismissed and denied* 75 NY2d 790). Thus, given the individual plaintiff's admission that he was unaware of any other allegedly defamatory remarks made by defendant or at his direction, dismissal of the defamation cause of action was fully warranted.

As for the other causes of action, plaintiffs claim that they were denied a fair trial primarily as a result of Supreme Court's evidentiary rulings. Assertedly, the court wrongly allowed defense counsel to elicit testimony regarding certain telephone conversations between the plaintiff Patrick F. Mahoney (hereinafter plaintiff) and Salvatore Avellino (a recognized member of an organized crime "family"), which were recorded, by wiretap, in connection with an investigation by the Organized Crime Task Force, and to use documents, purported to be transcripts of these recordings, in an effort to impeach plaintiff. Even assuming, arguendo, that CPL 700.65 could be construed as precluding the use of wiretap evidence in a civil trial of this nature (*see, Matter of Dampman v Morgenthau*, 158 Misc 2d 102, 111, *appeal dismissed* 203 AD2d 983; *but see,* CPLR 4506; *People v Capolongo*, 85 NY2d 151, 162), and that this proscription obtains where, as here, such evidence is used merely for impeachment purposes (*but see, People v Hughes*, 124 AD2d 344, 347, *lv denied* 69 NY2d 828), we remain unpersuaded that a new trial would be necessary in this instance.

Significantly, although defense counsel was allowed to show the transcripts to plaintiff in an attempt to refresh his recollection as to the conversations at issue—plaintiff had earlier denied discussing certain matters with Avellino—the attorney was barred from disclosing to the jury the nature of the documents being used for this purpose. Counsel complied with this limitation, as well as with Supreme Court's instruction that he refrain from further inquiry when plaintiff continued to deny any recollection of those discussions. Given the remainder of the evidence (including plaintiff's own admissions that he had engaged in several conversations, and attended a dinner meeting, with Avellino, and that he had continued his association with the latter even after being warned by his brother, a detective, to "be careful" in his dealings with Avellino), this extremely limited use of the transcripts could not have resulted in the kind of significant prejudice to plaintiffs as to necessitate a new trial (*see, Flamm v Noble*, 274 App Div 1037, 1039).

Plaintiffs' remaining arguments have been considered and found meritless.

Mikoll, J. P., Crew III, Spain and Graffeo, JJ., concur. Ordered that the judgments and order are affirmed, with costs.