FOURTH DEPARTMENT, MAY, 2002

(May 3, 2002)

■ DONALD ADAMY, Respondent, v SOUTH BUFFALO RAILWAY COMPANY, Appellant. (Appeal No. 1.) [742 NYS2d 459] —Appeal from a judgment of Supreme Court, Erie County (Notaro, J.), entered December 12, 2000, upon a jury verdict in favor of plaintiff.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously reversed on the law without costs, the motion is denied and a new trial is granted.

Memorandum: Supreme Court erred in granting plaintiff's motion for a directed verdict at the close of proof where, as here, defendant presented evidence contradicting plaintiff's version of the manner in which the accident occurred. Thus, it cannot be said "that there was 'no valid line of reasoning and permissible inferences which could possibly lead rational [persons] to [find in favor of defendant] on the basis of the evidence presented at trial'" (*Levin v Carbone*, 277 AD2d 951,

951). Although plaintiff testified that the "fireman's seat" collapsed when he attempted to sit on it as he and the conductor were arriving at the station for lunch, defendant presented testimony controverting plaintiff's testimony that the seat was displaced from its post when the locomotive came into the station immediately after plaintiff allegedly fell. In addition, defendant established that plaintiff reported more than one version of the manner in which the accident occurred. Where, as here, questions of fact exist concerning how the accident occurred, and the disputed facts are dispositive of whether defendant is liable under the Boiler Inspection Act (49 USC § 20701), the court erred in granting plaintiff's motion for a directed verdict (*see generally Calabritto v New York, New Haven & Hartford R.R. Co.*, 287 F2d 394, 394-395, *cert denied* 366 US 928). We therefore reverse the judgment, deny plaintiff's motion and grant a new trial.

The court properly required defendant to disclose the transcribed statement of the conductor taken by defendant's supervisor of personnel at the time of the accident. The conductor, who died before trial, was the only witness to the accident, and the supervisor had taken the statement at the direction of defendant's counsel. Because of the death of the declarant and the unique conditions under which the statement was taken, plaintiff established a "substantial need" for disclosure of the statement (*Rochford v Long Is. R.R. Co.*, 273 AD2d 291, 292). In addition, the court properly permitted plaintiff's supervisor to be cross-examined with that statement. The supervisor, who by the time of trial had been promoted to the position of defendant's superintendent and had "forgotten" that he had taken the statement, testified at trial that defendant had no reason to believe that the accident occurred in the manner described by plaintiff. Thus, the conductor's statement was properly used on cross-examination of the supervisor to refresh his recollection and impeach his credibility (*cf. Mahoney v Staffa,* 256 AD2d 827, 829). We agree with defendant, however, that the court erred in admitting the statement as evidence-in-chief in plaintiff's case; the statement is hearsay, and does not come within an exception to the hearsay rule (*see generally Sadowsky v Chat Noir*, 64 AD2d 697).

We further agree with defendant that the court erred in permitting plaintiff to use defendant's "Railroad Injury and Illness Summary," a monthly report that each railroad carrier is required to submit to the United States Department of Transportation pursuant to 49 USC § 20901, to impeach the credibility of the employee who prepared the report. The stat-

ute expressly provides that "[n]o part of [such report] * * * may be used in a civil action for damages resulting from a matter mentioned in the report" (49 USC § 20903; *see also Tyree v Burlington N. & Santa Fe Ry. Co., 973 F Supp 786, 792).*

Finally, we note that, upon the retrial, plaintiff's "sick pay" may not be deducted from plaintiff's award of damages, if any. "Sick pay" is a benefit of plaintiff's employment and is not specifically addressed in any collective bargaining agreement to render it subject to the Federal collateral source rule (45 USC § 55; *see Clark v Burlington N., 726 F2d 448, 450-451).* Present—Green, J.P., Hayes, Scudder, Gorski and Lawton, JJ. [Amended 298 AD2d — (Oct. 1, 2002).]