■ TIMOTHY ALBINO et al., Plaintiffs, v NEW YORK CITY HOUSING AUTHORITY, Defendant. (And a Third-Party Action.) NEW YORK CITY HOUSING AUTHORITY, Second Third-Party Plaintiff-Respondent, v DIMENSION MECHANICAL CORPORATION. Second Third-Party Defendant-Appellant. (And a Fourth-Party Action.) [860 NYS2d 57]—Orders, Supreme Court, Bronx County (Alison Y. Tuitt, J.), entered on or about November 30, 2007 and February 28, 2008, to the extent they limited discovery by second third-party defendant Dimension after in camera review of evidentiary materials, unanimously affirmed, without costs. Appeal from order, same court and Justice, entered on or about September 25, 2007, which directed in camera review, unanimously dismissed, without costs.

The court correctly limited discovery to post-accident repairs. Evidence of such repairs to the hot water system is discoverable under the limited circumstances before us to show that a particular condition was dangerous (*see Longo v Armor El. Co.*, 278 AD2d 127, 129 [2000]; *Kaplan v Einy*, 209 AD2d 248, 252 [1994]), and to identify where Dimension stands in the chain of causation.

No appeal lies as of right from an order deferring determination of a motion to compel discovery until after in camera review,

because such an order does not affect a substantial right within the meaning of CPLR 5701 (a) (2) (v) (*Marriott Intl. v Lonny's Hacking Corp.*, 262 AD2d 10 [1999]). Were we to consider that order, we would affirm. Concur—Tom, J.P., Saxe, Friedman, Buckley and Catterson, JJ.