Stein, J.
Appeal from an order of the Supreme Court (Work, J.), entered March 2, 2012 in Ulster County, which partially granted defendants’ motion to compel plaintiff to comply with a notice to produce.
Plaintiff and defendants were neighbors and friends and, as a product of their relationship, defendants allowed plaintiff to store personal property in their home for a period of approximately 10 years. Plaintiff removed the property from defendants’ basement in 2007. However, the following year, he claimed that he had not taken some of the items and demanded that defendants return the remaining property. Plaintiff subsequently commenced this action alleging that defendants wrongfully refused to return his property, which he valued in excess of $25,000.[1] In their answer, defendants disputed the allegation that they possessed any of plaintiffs property and interposed a counterclaim for payment of an amount equivalent to the reasonable value of their storage of plaintiffs property for the 10-year period.
During the course of discovery, defendants served plaintiff with a notice to produce, as relevant here, various documents and authorizations related to a matrimonial action that involved *1026 plaintiff and his then wife.[2] Plaintiff objected to the notice to produce and defendants thereafter filed a motion to, among other things, compel plaintiff to comply with their discovery demand. In response to the motion, plaintiff asserted that the documents sought by defendants were privileged (see Domestic Relations Law § 235; CPLR 3101 [b]). Supreme Court partially granted the motion to the extent that it ordered an in camera inspection of plaintiffs net worth statements and the matrimonial records filed with the County Clerk, but denied access to the remaining documents sought by defendants. Plaintiff now appeals from that order.
Plaintiff argues that Supreme Court abused its discretion by ordering an in camera inspection of any documents pertaining to his matrimonial action. We disagree. That inspection has not yet been conducted and the order appealed from does nothing more than “ defer [ ] determination of the discovery motion [ ] until after [the] in camera inspection” (Mahoney v Staffa, 168 AD2d 809, 809 [1990]). Inasmuch as the order does not affect a substantial right of plaintiff, no appeal as of right lies therefrom (see CPLR 5701 [a] [2] [v]; Patterson v Turner Constr. Co., 88 AD3d 617, 618 [2011]; Marriott Intl. v Lonny’s Hacking Corp., 262 AD2d 10, 11 [1999]; Mahoney v Staffa, 168 AD2d at 809).
Even if were we to treat the notice of appeal as an application for leave to appeal and consider the merits of such appeal (see CPLR 5701 [c]), we would affirm Supreme Court’s order as a proper exercise of its discretion (see Mahoney v Staffa, 168 AD2d at 810). Considering the alleged nexus between the documents sought and the instant action (see Janecka v Casey, 121 AD2d 28, 30-31 [1986]; compare Hovagim v Marchand’s School of Dance, 225 AD2d 522, 522-523 [1996]), an in camera inspection was appropriate to allow the court to determine whether plaintiffs net worth statements and other matrimonial records were relevant and material to the issues to be decided in this action and, if so, whether defendants’ right to disclosure pursuant to CPLR 3101 outweighed the privacy protections of Domestic Relations Law § 235.
Mercure, J.P, Spain and McCarthy, JJ., concur. Ordered that the appeal is dismissed, with costs.

. In his bill of particulars, plaintiff alleged that the value of this property was $274,610 and increased his demand, accordingly.

. Defendants allege that plaintiff stored the subject personal property in their home in order to defraud his wife in that action. They assert that plaintiffs net worth statements and other documents exchanged in such action may provide relevant information identifying what personal property plaintiff owned at the time his property was stored by defendants.