■ NATHANIEL KLIPPER et al., Plaintiffs, and DREW DOSCHER et al., Respondents, v LIBERTY HELICOPTERS, INC., et al., Appellants, et al., Defendants. [974 NYS2d 353]—

Order, Supreme Court, New York County (Carol R. Edmead, J.), entered May 1, 2013, which, insofar as appealed from as limited by the briefs, denied defendants Liberty Helicopters, Inc., Liberty Helicopters, Inc. (NY), Meridian Consulting Co., Inc. and Paul Tramontana's motion to compel plaintiff Doscher to produce any transcripts of his testimony in his divorce action, unanimously modified, on the law and the facts, to grant

the motion to the extent of compelling Doscher to produce to the motion court, for in camera review, those portions of the transcript of his divorce action, and documents related thereto, that reveal information relevant to his claims for lost earnings and future revenue, and otherwise affirmed, without costs.

By asserting a claim for lost earnings and future revenue, plaintiff Doscher put his financial status in issue, and waived the protection afforded by Domestic Relations Law § 235 (1) (*see Janecka v Casey*, 121 AD2d 28 [1st Dept 1986]). Portions of transcripts and related documents that reflect Doscher's financial status before the accident are material and necessary to defendants in their defense of this action (*see Janecka*, 121 AD2d at 32; CPLR 3101 [a]). Upon its in camera review of these materials, the motion court will be able to tailor Doscher's production to defendants so as to balance his right to privacy with their right to relevant information (*see Solomon v Meyer*, 103 AD3d 1025, 1026 [3d Dept 2013]).

We have considered defendants' remaining contentions and find them unavailing. Concur—Sweeny, J.P., Renwick, Feinman and Clark, JJ.