Henneberry v Borstein (2019 NY Slip Op 03885)





Henneberry v Borstein


2019 NY Slip Op 03885


Decided on May 16, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 16, 2019

Friedman, J.P., Kapnick, Gesmer, Kern, JJ.


8478 600357/10

[*1]Virginia M. Henneberry, Plaintiff-Appellant,
v
Leon Baer Borstein, et al., Defendants-Respondents.


Capuder Fazio Giacoia LLP, New York (Douglas M. Capuder of counsel), for appellant.
Furman Kornfeld & Brennan LLP, New York (Andrew S. Kowlowitz of counsel), for respondents.



Order, Supreme Court, New York County (Charles E. Ramos, J.), entered August 24, 2018, to the extent it denied plaintiff's motion for a protective order and to quash subpoenas duces tecum served by defendants on the attorneys who represented plaintiff in an action to vacate an arbitration award and in the appeals arising therefrom, unanimously reversed, on the law, with costs, and the motion granted. Appeal from said order, to the extent it deferred decision on plaintiff's motion for a protective order and to quash subpoenas duces tecum served by defendants on the attorneys who represented plaintiff in a matrimonial action and directed those attorneys to submit affidavits and documents for in camera review, unanimously dismissed, without costs, as taken from a nonappealable order.
The record does not establish that plaintiff affirmatively waived her attorney-client privilege with counsel in the action to vacate the arbitration award and in the appeals arising therefrom (Veras Inv. Partners, LLC v Akin Gump Strauss Hauer & Feld LLP, 52 AD3d 370, 373 [1st Dept 2008]). A review of the complaint shows that plaintiff's claims do not need to be proved through the files from her counsel in the action to vacate the arbitration award and in the appeals arising therefrom. Defendants have not countered that showing or established that those files are vital to their defenses (Deutsche Bank Trust Co. of Ams. v Tri-Links Inv. Trust, 43 AD3d 56, 64 [1st Dept 2007]; see also IDT Corp. v Morgan Stanley Dean Witter & Co., 107 AD3d 451, 452 [1st Dept 2013]).
The motion court's deferral of decision on plaintiff's motion to quash and for a protective order as it related to the subpoenas served on plaintiff's counsel in the matrimonial action is not appealable as of right (CPLR 5701[a][2][v]; Garcia v Montefiore Med. Ctr., 209 AD2d 208, 209 [1st Dept 1994]; see also Albino v New York City Hous. Auth., 52 AD3d 321, 321-322 [1st Dept 2008]; Patterson v Turner Constr. Co., 88 AD3d 617, 618 [1st Dept 2011]). We decline to nostra sponte grant leave to appeal (Garcia, 209 AD2d at 209).
We have considered the remaining arguments and find them unavailing.
The Decision and Order of this Court entered herein on February 21, 2019 (169 AD3d 562 [1st Dept 2019]) is hereby recalled and vacated (see M-1662 decided simultaneously herewith).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: MAY 16, 2019
DEPUTY CLERK