Matter of Joseph OO. (Joel OO.) (2020 NY Slip Op 05995)





Matter of Joseph OO. (Joel OO.)


2020 NY Slip Op 05995


Decided on October 22, 2020


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: October 22, 2020

529393

[*1]In the Matter of Joseph OO. and Others, Alleged to be Neglected Children. Washington County Department of Social Services, Respondent; Joel OO., Appellant. (And Another Related Proceeding.)

Calendar Date: September 10, 2020

Before: Garry, P.J., Lynch, Clark, Aarons and Reynolds Fitzgerald, JJ.


Alexandra J. Buckley, Clifton Park, for appellant.
Roger A. Wickes, County Attorney, Fort Edward (Daniel S. Martindale of counsel), for respondent.
Karen R. Crandall, Schenectady, attorney for the child.



Aarons, J.
Appeal from an order of the Family Court of Washington County (Michelini, J.), entered June 13, 2019, which, in two proceedings pursuant to Family Ct Act article 10, granted petitioner's motion for an order seeking the disclosure of certain psychiatric and mental health records for the subject child.
Petitioner commenced these proceedings under Family Ct Act article 10 alleging that respondent neglected his children, including the subject child (born in 2004). Pursuant to a 2018 order, respondent was required to undertake his best efforts to ensure that the child attended mental health counseling sessions. Because the child had missed some sessions, petitioner moved to have respondent be found in violation of the 2018 order. In a separate motion, petitioner also sought an order authorizing the disclosure of the child's mental health records. Petitioner argued therein that the child's records were necessary and relevant to the violation motion. In a 2019 order, Family Court granted petitioner's disclosure motion. Respondent appeals.
As an initial matter, we note that, in the 2019 order, Family Court directed that the requested medical records be first submitted to the court for an in camera review so that it could determine whether they should be disclosed. That said, the court effectively deferred the determination of the disclosure motion upon the completion of its in camera review. Indeed, it is possible that the court's in camera review of the records would result in all of the records being shielded from disclosure. Accordingly, the order is not appealable as of right (see Solomon v Meyer, 103 AD3d 1025, 1026 [2013]; Mahoney v Staffa, 168 AD2d 809, 809 [1990]; Buhler v Sheridan, 134 AD2d 822, 822 [1987]).[FN1] This Court has also been advised that petitioner's violation motion has been resolved with respondent's consent. In view of this, we decline to grant leave to appeal.
Garry, P.J., Lynch, Clark and Reynolds Fitzgerald, JJ., concur.
ORDERED that the appeal is dismissed, without costs.



Footnotes

Footnote 1: Even though petitioner concedes that the 2019 order is appealable, the parties cannot create our jurisdiction where it otherwise would not exist.