Schwartz v Schwartz (2025 NY Slip Op 02698)

Schwartz v Schwartz

2025 NY Slip Op 02698

Decided on May 2, 2025

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on May 2, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: CURRAN, J.P., BANNISTER, SMITH, DELCONTE, AND HANNAH, JJ.

334 CA 24-01502

[*1]MELINDA SCHWARTZ, PLAINTIFF-RESPONDENT,
v
DANIEL A. SCHWARTZ, DEFENDANT-APPELLANT. (APPEAL NO. 2.) 

BENNETT SCHECHTER ARCURI & WILL LLP, BUFFALO (PAUL A. VANCE OF COUNSEL), FOR DEFENDANT-APPELLANT. 
RUPP PFALZGRAF LLC, BUFFALO (MICHAEL J. COLLETTA OF COUNSEL), FOR PLAINTIFF-RESPONDENT.
PETER P. VASILION, WILLIAMSVILLE, ATTORNEY FOR THE CHILD.
MELISSA A. CAVAGNARO, BUFFALO, ATTORNEY FOR THE CHILD. 

 Appeal from an order of the Supreme Court, Erie County (Catherine R. Nugent Panepinto, J.), entered October 23, 2023. The order, inter alia, granted the motion of plaintiff to compel certain discovery. 
It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.
Memorandum: In this matrimonial action, defendant appeals in appeal No. 1 from an order insofar as it directed the parties to immediately destroy or delete any audio, digital, electronic or other similar media recording of any discussions between either of the parties' minor children and her court-appointed attorney for the child (AFC) and precluded the use of any such recording in this or any other litigation. In appeal No. 2, defendant appeals from an order that, inter alia, granted plaintiff's motion seeking, among other things, to require defendant to submit a more particularized affidavit regarding his involvement in and receipt of any recorded attorney-client conversations between the parties' children and their AFCs. In appeal No. 3, defendant appeals from an order that, inter alia, granted in part his motion for judicial subpoenas duces tecum by directing that the responsive documents be reviewed in camera by Supreme Court and granted that part of plaintiff's cross-motion seeking to quash subpoenas served on plaintiff and her attorney.
We note at the outset that the appeal from the order in appeal No. 1 must be dismissed. "Only an aggrieved party may appeal from an order" (Alloway v Bowlmor AMF Corp., 188 AD3d 1716, 1717 [4th Dept 2020], lv denied 36 NY3d 911 [2021]; see Matter of HSBC Bank USA, N.A. [Knox] [appeal No. 2], 184 AD3d 1208, 1209 [4th Dept 2020]; see generally CPLR 5511), and defendant was not aggrieved inasmuch as he did not oppose the requested relief (see Matter of Tariq S. v Ashlee B., 177 AD3d 1385, 1385 [4th Dept 2019], lv dismissed 38 NY3d 1167 [2022]).
With respect to appeal No. 2, we reject defendant's contention that the order directing him to provide a more particularized affidavit improperly allowed plaintiff to obtain additional discovery after the filing of the note of issue. We conclude that the order was properly designed to ensure that the parties were conducting themselves in a manner consistent with the best interests of the children, a matter that is of paramount importance in custody proceedings and with respect to which the court is vested with broad discretion (see generally Matter of Bennett v Jeffreys, 40 NY2d 543, 548-550 [1976]; Matter of Brown v Wolfgram, 109 AD3d 1144, 1145 [*2][4th Dept 2013]).
In appeal No. 3, the appeal from the order insofar as it directed the in camera review of documents responsive to the subpoenas must be dismissed. Inasmuch as the order "effectively defe[rs] the determination of the . . . motion [until] the completion of [the court's] in camera review," it does not affect a substantial right of defendant, and thus no appeal lies as of right therefrom (Matter of Joseph OO. [Joel OO.], 187 AD3d 1378, 1379 [3d Dept 2020]; see CPLR 5701 [a] [2] [v]; Solomon v Meyer, 103 AD3d 1025, 1026 [3d Dept 2013]).
Contrary to defendant's remaining contention in appeal No. 3, the court properly granted that part of plaintiff's cross-motion seeking to quash certain subpoenas inasmuch as the information defendant sought through those subpoenas consisted of communications between plaintiff, her counsel, and another attorney with whom they were consulting "to assist in analyzing or preparing the case" and thus constituted privileged attorney-client communications and non-discoverable attorney work product (Beach v Touradji Capital Mgt., LP, 99 AD3d 167, 170 [1st Dept 2012] [internal quotation marks omitted]; see CPLR 3101 [b], [c]; 4503 [a] [1]; Banach v Dedalus Found., Inc., 132 AD3d 543, 544 [1st Dept 2015]; Nicastro v New York Cent. Mut. Fire Ins. Co., 117 AD3d 1545, 1547 [4th Dept 2014], lv denied 24 NY3d 998 [2014]).
Entered: May 2, 2025
Ann Dillon Flynn
Clerk of the Court