■ CAROL KATZ, Appellant, v. STATE OF NEW YORK, Respondent. (Claim No. 54863.) — Appeal from so much of an order of the Court of Claims, entered October 13, 1972, as denied claimant's motion for discovery and inspection of the nonmedical data contained in the hospital records of one Jessica Salvatico. While a patient at Rockland State Hospital, claimant was allegedly assulted by another patient, Jessica Salvatico, resulting in personal injuries for which the underlying action has been instituted. On May 9, 1972 claimant made a motion seeking, inter alia, discovery and inspection of the alleged assailant's hospital records. This aspect of the motion was denied by order entered May 24, 1972, and no appeal therefrom was taken. On September 11, 1972 claimant again sought discovery and inspection of records relating to Jessica Salvatico. This time, however, the request was limited to nonmedical data pertaining to any prior attempted assaults and the number of confinements to Rockland State Hospital. By the order here appealed from, this motion was denied. In denying the first motion, the court had stated that production of the records then sought would be "improper under the provisions of the Mental Hygiene Law and contrary to physician-patient relationship." It is clear that the motion could not have been granted as made, for disclosure of all the records sought would indeed have been in contravention of the privilege (CPLR 4504, subd. [a]). The second motion, on the other hand, which was denied without explanation, should have been granted. The information sought was sufficiently limited so as not to violate the privilege, since it did not include medical data (Homere v. State of New York, 41 A D 2d 797; Mayer v. Albany Med. Center Hosp., 37 A D 2d 1011), and there is nothing in the provisions of the Mental Hygiene Law prohibiting disclosure of the records of State institutions pursuant to court order (cf. Mental Hygiene Law, §§ 20, 34, subd. 9). The State, however, argues that claimant's second motion was for reargument of the first motion, and that the denial thereof is not appealable. We disagree. Claimant's first motion sought relief which could not have lawfully been granted. The second motion sought relief which was in no wise barred by either of the theories relied on by the court in denying the first motion, or by any other theory. The contention that the latter motion was a reargument of the former must, therefore, be rejected. Order reversed, on the law and the facts, and motion, insofar as it sought discovery and inspection of the nonmedical data contained in the hospital records of Jessica Salvatico, granted, without costs. Herlihy, P. J., Greenblott, Cooke, Kane and Main, JJ., concur.