■ THOMAS W. MOORE, as Administrator of the Estate of JAMES R. MOORE, Deceased, Respondent, v ST. JOHN'S EPISCOPAL HOSPITAL et al., Appellants. — Appeal by defendants from so much of an order of the Supreme Court, Kings County (Vaccaro, J.), dated January 5, 1982, as granted the branch of plaintiff's motion which sought to compel them to produce for discovery and inspection the records of one Reginald Delain, a nonparty patient who allegedly assaulted plaintiff's decedent in defendants' hospital. Order modified by adding thereto, after the provision granting the aforesaid branch of the motion, the following: "only as to those portions of the records which contain no medical information and is denied as to those portions of the records which contain medical information." As so modified, order affirmed insofar as appealed from, without costs or disbursements. Defendants' time to furnish the nonmedical portions of Delain's records is extended until 20 days after service upon them of a copy of the order to be made hereon, with notice of entry. Plaintiff's decedent was allegedly assaulted by a fellow patient, Reginald Delain, while decedent was a patient at St. John's Episcopal Hospital. Plaintiff seeks permission to inspect the hospital records of Delain for the purpose of placing liability on defendants for their failure to assure the safety of their

patients by permitting patients of "erratic, dangerous, harmful and violent behavior and propensities to be and remain in close proximity with other patients". Delain's medical records are privileged and confidential and defendants may not divulge them absent an express waiver by Delain (see *Boddy v Parker,* 45 AD2d 1000, 1001; *King v O'Connor,* 103 Misc 2d 607, 610). Delain has not waived his right to keep the medical information contained in his records confidential. Accordingly, Special Term erred in permitting discovery and inspection of all his records. However, plaintiff is entitled to any nonmedical information in Delain's hospital records, particularly such information as relates to any prior assaults or similar violent behavior, to aid plaintiff in establishing knowledge on the part of defendants (see *Katz v State of New York,* 41 AD2d 879; *Mayer v Albany Med. Center Hosp.,* 37 AD2d 1011). All medical information in the records is unqualifiedly privileged under the physician-patient privilege (see CPLR 4504, subd [a]; Public Health Law, § 17; § 2803-c, subd 3, pars b, f; § 2805-g, subd 3). Mollen, P. J., Titone, Weinstein and Rubin, JJ., concur.