■ In the Matter of the Estate of EDWARD ACKER, Deceased. FREDERICK J. ZIEMS et al., Appellants; HOWARD M. FINKELSTEIN, as Guardian ad Litem, Respondent. — In an accounting proceeding, petitioners appeal from an order of the Surrogate's Court, Suffolk County (Signorelli, S.), dated March 29, 1982, which denied their motion for a further bill of particulars as to respondent's objections to the account. Order affirmed, with $50 costs and disbursements to respondent payable personally by the petitioners. The appeal is without merit. We suggest that this be considered by the Surrogate should petitioners apply for counsel fees and expenses incurred upon this appeal (see *Matter of Reimers,* 264 NY 62, 64). Damiani, J. P., Lazer, Mangano and Brown, JJ., concur.

■ In the Matter of NANCY H. ASHFORD, Respondent, v BRUNSWICK PSYCHI-ATRIC CENTER, Appellant. — Brunswick Psychiatric Center appeals (1) from an order of the Supreme Court, Suffolk County (Corso, J.), dated January 19, 1982, which granted Nancy Ashford's application for disclosure of certain hospital records, and (2), as limited by its brief, from so much of an order of the same court, dated March 18, 1982, as upon reargument adhered to the prior determination. Appeal from the order dated January 19, 1982 dismissed, without costs or disbursements. That order was superseded by the order dated March 18, 1982, made upon reargument. Order dated March 18, 1982 reversed, insofar as appealed from, without costs or disbursements, order dated January 19, 1982 vacated, and application for disclosure granted only as to those portions of the records which contain no medical information, and denied as to those portions of the records which contain medical information. Appellant is directed to deliver its redacted records to petitioner within 20 days after service upon it of a copy of the order to be made hereon, with notice of entry. Nancy Ashford made application to obtain disclosure of all the hospital records of a former patient of the appellant hospital, indicating that she needed such information to aid in bringing an action against the hospital. She alleged that the hospital was negligent in its treatment and release of the former patient without warning the law enforcement officials with whom an assault com-plaint had been filed against the patient by Ashford's deceased husband. She also commenced an action against the hospital alleging that it was liable for misrepresentations to law enforcement authorities that impaired their efforts to apprehend the patient. Regardless of the theory of liability, CPLR 4504 shields the patient's medical information (diagnosis, prognosis and propensi-ties) from disclosure to Ashford and Special Term should have limited discov-ery to the nonmedical portions of the records sought (see *Moore v St. John's Episcopal Hosp.,* 89 AD2d 618). Titone, J. P., O'Connor, Thompson and Bracken, JJ., concur.