■ TRUDY L. EXELBERT et al., Respondents, v STATE OF NEW YORK, Appellant.

This claim for damages is premised on an alleged assault of claimant Trudy Exelbert by a nonparty patient under the care of the State of New York. By order dated October 7, 1986, the Court of Claims correctly redacted all medical information from the State's records concerning that patient before disclosure of those records to the claimants *(cf., Brier v State of New York,* 95 AD2d 788; *see, Matter of Ashford v Brunswick Psychiatric Center,* 90 AD2d 848; *Moore v St. John's Episcopal Hosp.,* 89 AD2d 618; *Homere v State of New York,* 41 AD2d 797; *Katz v State of New York,* 41 AD2d 879; *Mayer v Albany Med. Center Hosp.,* 37 AD2d 1011). Information concerning medical diagnosis and treatment is privileged (CPLR 4504) and may not be disclosed absent a showing that a compelling interest overrides the privilege *(Matter of Camperlengo v Blum,* 56 NY2d 251; *Matter of Jenkins v Martin,* 99 AD2d 811; *Perry v Fiumano,* 61 AD2d 512), or that the interests of justice significantly outweigh the need for and the right of a mentally disabled patient to confidentiality *(see,* Mental Hygiene Law § 33.13 [c] [1]; *see also,* Mental Hygiene Law § 33.01; *cf., Katz v State of New York, supra).* The claimants' intent to expand upon the theory of liability provides no basis for the order of May 14, 1987, directing the State to disclose to the claimants

specified medical information contained in the records of the nonparty patient *(see, Matter of Ashford v Brunswick Psychiatric Center, supra; Katz v State of New York, supra)*. Thompson, J. P., Brown, Weinstein and Harwood, JJ., concur.