■ CHRISTINE SCHWARTZBERG et al., Respondents-Appellants, v CASSIAN KAI-SHUN LI et al., Appellants-Respondents. —In a medical malpractice action to recover damages for personal injuries, etc., the defendants appeal and the plaintiffs cross-appeal from a judgment of the Supreme Court, Kings County (Clemente, J.), entered June 27, 1986, which, upon a jury verdict, is in favor of the plaintiffs and against the defendants in the principal amount of $1,000,000.

Ordered that the cross appeal is dismissed as abandoned; and it is further,

Ordered that the judgment is reversed, on the facts and as an exercise of discretion, without costs or disbursements, and a new trial is granted on the issue of damages only, unless within 20 days after service upon the plaintiffs of a copy of this decision and order, together with notice of entry, the plaintiffs shall serve and file in the office of the Clerk of the Supreme Court, Kings County, a written stipulation consenting to reduce the verdict as to damages to the principal sum of $600,000, and to the entry of an amended judgment accordingly. In the event that the plaintiffs so stipulate, then the judgment, as so reduced and amended, is affirmed, without costs or disbursements. The findings of fact as to liability are affirmed.

Contrary to the defendants' contentions we find that the jury's verdict was supported by sufficient evidence (see, Cohen v Hallmark Cards, 45 NY2d 493, 498-499).

We also find that the trial court properly denied the defendants' application to admit into evidence the hospital delivery room records of two nonparty patients. The symbol sought to be introduced in these medical records constitutes medical information which is shielded under the physician-patient privilege (see, CPLR 4504; Matter of Ashford v Brunswick Psychiatric Center, 90 AD2d 848; Moore v St. John's Episcopal Hosp., 89 AD2d 618).

We reject the defendants' contention that the plaintiffs'

bowel incontinence was a further or additional injury of which the plaintiffs failed to provide notice pursuant to the medical information exchange rules of this State *(see,* Uniform Rules for Trial Cts, 22 NYCRR 202.17 [g]). Accordingly, the trial court properly permitted testimony as to this condition.

Finally, we find that the verdict was excessive to the extent indicated. Kunzeman, J. P., Kooper, Sullivan and Balletta, JJ., concur.