■ HOLLY M. SPATAFORA et al., Appellants, v ST. JOHN'S EPISCOPAL HOSPITAL et al., Respondents. [619 NYS2d 118] —In an action to recover damages for wrongful death, etc., the plaintiffs appeal from an order of the Supreme Court, Suffolk County (Tanenbaum, J.), dated July 27, 1992, which (1) granted the motion of the defendants Augustus Mantia, Wei Kao, and John Falon, and the separate motion of the defendant Gary Veith for summary judgment dismissing the plaintiffs' causes of action for medical malpractice and wrongful

death as time-barred, and (2) granted the motion of the defendant St. John's Episcopal Hospital for summary judgment dismissing the plaintiffs' cause of action for wrongful death as time-barred.

Ordered that the order is affirmed, with one bill of costs to the respondents appearing separately and filing separate briefs.

EPTL 5-4.1 provides that a decedent's personal representative must commence an action to recover damages for wrongful death "within two years after the decedent's death". The plaintiffs' decedent died on October 30, 1988, and the plaintiffs served the summons and complaint on all but one of the defendants on April 16, 1991, and served the final defendant on April 22, 1991, some two-and-a-half years later. The plaintiffs' cause of action to recover damages for wrongful death was therefore properly dismissed as to all defendants *(see, e.g., Collins v Jamaica Hosp.,* 158 AD2d 649, 650; *Maldonado v Long Is. Jewish Med. Ctr.,* 156 AD2d 431).

All of the defendants were sued in their capacities as medical professionals, on the theory that they failed to properly perform, read and interpret cardiac tests. Because the incompetence alleged is of a specialized medical nature, deriving from the physician-patient relationship, and substantially related to medical diagnosis and treatment, the action it gives rise to is by definition one for medical malpractice rather than for simple negligence *(see, e.g., McDermott v Manhattan Eye, Ear & Throat Hosp.,* 15 NY2d 20, 24; *Borrillo v Beekman Downtown Hosp.,* 146 AD2d 734, 735; *Papa v Brunswick Gen. Hosp.,* 132 AD2d 601, 603). The applicable Statute of Limitations is therefore the two-and-a-half years provided by CPLR 214-a rather than the three-year period governing simple negligence claims. Service was effected upon all defendants except St. John's Episcopal Hospital more than two-and-a-half years after the date each last treated the plaintiffs' decedent, with the result that plaintiffs' medical malpractice cause of action as to the individual defendants was time-barred.

The plaintiffs' remaining contentions are either unpreserved for appellate review or without merit. O'Brien, J. P., Joy, Friedmann and Krausman, JJ., concur.