OPINION OF THE COURT
Nicholas A. Clemente, J.
This is a case in which it is alleged that one Jaheem Grayton choked and robbed Naeemah Taheme Lee, causing her to fall beneath the wheels of the M train, where she was killed on February 18, 1996. Mr. Jaheem Grayton, a nonparty to this action, was a psychiatric patient at Kings County Hospital having been discharged on December 14, 1995.
Plaintiff sued New York City Health and Hospitals Corporation (NYCH & HC) alleging that Kings County Hospital committed medical malpractice by prematurely releasing Mr. Gray-ton and by failing to provide follow-up treatment. Plaintiff also sued New York City Transit Authority alleging that their negligence in permitting unsafe conditions to exist caused Ms. Lee to die beneath a moving train.
A notice of claim was served on NYCH & HC on April 2, 1996 with Linda Lee as proposed guardian and administratrix of decedent’s estate. Thereafter, another notice of claim was served on June 3, 1996. A General Municipal Law § 50-h hearing was conducted on July 2, 1996 and an index number purchased on September 11, 1996. The summons and complaint was served on September 24, 1996 and issue was joined on or about November 20, 1996.
Plaintiff moved by order to show cause for discovery and inspection of records of Jaheem Grayton. In addition, plaintiff seeks leave to file a late notice of medical malpractice and a certificate of merit. Plaintiff also requests the striking of defendant’s fifth affirmative defense which claims improper venue; defendant’s sixth affirmative defense which claims invalid and untimely notice of claim; defendant’s seventh affirmative defense based on failure to attach a certificate of merit; and defendant’s eighth affirmative defense regarding the specific monetary amount in the ad damnum clause.
Defendant NYCH & HC cross-moved for a protective order but produced the hospital records of Jaheem Grayton maintaining that they are confidential and privileged pursuant to Mental Hygiene Law § 33.13. Pending resolution of the issue, an in camera inspection was conducted.
Since plaintiff maintains that the medical negligence runs from a defendant to a nonparty who then, as a result of such *634 negligence, committed an assault upon plaintiffs decedent, one might argue that this is not a medical malpractice case. Conduct is considered to be malpractice, however, when it constitutes medical treatment, that is, it involves diagnosis, care and treatment by licensed medical professionals (see, Scott v Uljanov, 74 NY2d 673; Bleiler v Bodnar, 65 NY2d 65; Spatafora v St. John’s Episcopal Hosp., 209 AD2d 608; Papa v Brunswick Gen. Hosp., 132 AD2d 601; Coursen v New York Hosp.-Cornell Med. Ctr., 114 AD2d 254).
In any event, the question of whether this is a medical malpractice action, or not, is not important here, except insofar as the safeguards erected in a medical malpractice action are applicable.
There is no dispute that Kings County Hospital owed a duty of care to Mr. Grayton.
So the question becomes: Did the treatment or lack thereof to Mr. Grayton cause injury to the plaintiff? That question can only be resolved by evidence furnished by the defendant.
As I stated in Colon v New York City Health & Hosps. Corp. (NYLJ, Sept. 28, 1995, at 30, col 2):
“Ordinarily, a patient’s medical records and medical information are privileged material which may not be divulged absent a waiver by a competent patient, parent or guardian [see, Ashford v. The Brunswick Psychiatric Center, 90 AD2d 848; Public Health Law 17, 2803-c(3)(b)(f); 2805-g(3); CPLR 4504(a)] or by court order after a finding that the interest of justice significantly outweighs the need for confidentiality [see, Moore v St. John’s Episcopal Hospital, 89 AD2d 618; Mental Hygiene Law 33.13(c)(1)].
“Obviously, a defendant should not be permitted to use the shield of confidentiality as a device to prevent an injured plaintiff from obtaining facts which would assist him in proving his case.
“Where, as here, all the facts are in the possession of the defendant and the plaintiff is unable to obtain that information, the defendant would escape culpability by claiming confidentiality. To prevent that unfairness, Mental Hygiene Law Section 33.13(c)(1) allows, and I so find in this case, that the interest of justice significantly outweighs the need for confidentiality (see, Boykin v. State, 13 Misc. 2d 1037 afFd 7 AD2d 819), although any inquiry should be limited to discoverable material.”
After an in camera inspection, I have determined that plaintiff is entitled to all information in the hospital record *635 which is necessary to establish the knowledge the hospital had of Mr. Grayton’s violent propensities and treatment or lack thereof (see, Exelbert v State of New York, 140 AD2d 665; Katz v State of New York, 41 AD2d 879; Mayer v Albany Med. Ctr. Hosp., 37 AD2d 1011; Ace v State of New York, 146 Misc 2d 954, affd 207 AD2d 813, affd 87 NY2d 993).
As I have stated, whether or not this is a medical malpractice action might be determinative under certain circumstances (e.g., when there is a question of a 3-year or a 2V2-year Statute of Limitations) but it is not crucial here.
Nevertheless, I find it to be a medical malpractice action because the underlying action against the New York City Health and Hospitals Corporation vicariously relates back to a claim of medical negligence.
Thus, all the requirements of a medical malpractice action must be furnished. To that extent, plaintiffs motion to strike the seventh and eighth affirmative defenses are denied except that a late notice of medical malpractice and a certificate of merit should be served and an appropriate ad damnum clause should be submitted in an amended complaint, all within 45 days hereof. Also, I find plaintiffs proposed amended notice of claim was properly served. That part of plaintiffs motion seeking to strike defendant’s fifth affirmative defense is granted. This affirmative defense is without merit, as venue was properly established in Kings County based on decedent’s residence, the occurrence of the incident and the location of the hospital.
Finally, plaintiffs order to show cause and defendant’s cross motion with respect to records of Jaheem Grayton is granted to the above-mentioned extent.