■ LINDA LEE et al., Respondents, v NEW YORK CITY TRANSIT AUTHORITY, Defendant, and NEW YORK CITY HEALTH & HOSPITALS CORPORATION, Appellant. [685 NYS2d 84] —In an action to recover damages for medical malpractice, the New York City Health & Hospitals Corporation appeals, as limited by its brief, from so much of an order of the Supreme Court, Kings County (Clemente, J.), dated January 28, 1998, as, after an in camera inspection, granted the plaintiffs' motion to compel it to produce the hospital records of Jaheem Grayton to the extent of directing that the plaintiffs are "entitled to all information in the hospital record which is necessary to establish the knowledge the hospital had of Mr. Grayton's violent propensities and treatment or lack thereof", and denied its motion for a protective order regarding such records.

Ordered that the order is modified by deleting the provision thereof granting that branch of the plaintiffs' motion which was to compel the New York City Health & Hospitals Corporation to produce the medical information contained in the hospital records of Jaheem Grayton and substituting therefor a provision denying that branch of the motion; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements, and the matter is remitted to the Supreme Court, Kings County, to redact those portions of Jaheem Grayton's hospital records which contain medical information.

The plaintiffs moved to compel the appellant to produce the hospital records of Jaheem Grayton, who was convicted of murder for causing the death of the plaintiffs' decedent. The plaintiffs allege that the appellant was negligent in its treatment and premature release of Grayton.

Grayton's medical records are privileged and confidential and the appellant may not divulge them absent an express waiver by Grayton (see, CPLR 4504 [a]; *Exelbert v State of New York,* 140 AD2d 665; *Matter of Ashford v Brunswick Psychiatric Ctr.,* 90 AD2d 848; *Moore v St. John's Episcopal Hosp.,* 89 AD2d 618). Grayton has not waived his right to keep confidential the medical information contained in his hospital records; that is, information regarding diagnosis, prognosis, propensities, and treatment (see, *Matter of Ashford v Brunswick Psychiatric Ctr., supra; Exelbert v State of New York, supra*). Accordingly, the Supreme Court erred to the extent that it permitted discovery and inspection of medical information. However, the plaintiffs are entitled to any nonmedical information in Grayton's hospital records. Therefore, this matter is remitted to the Supreme Court to redact the portions of Grayton's hospital records which contain medical information. Mangano, P. J., Joy, Friedmann and Goldstein, JJ., concur.