■ MARRIOTT INTERNATIONAL, INC., Doing Business as NEW YORK MARRIOTT WORLD TRADE CENTER, Respondent, v LONNY'S HACKING CORPORATION et al., Appellants, and A&T BUS COMPANY et al., Respondents. [690 NYS2d 569] —Appeal from order, Supreme Court, New York County (Joan Madden, J.), entered March 26, 1998, which, *inter alia,* directed defendant Asanaw M. Shiferaw to turn over his medical records to the court for in camera inspection, unanimously dismissed, without costs, as taken from a nonappealable paper.

No appeal lies as of right from an order deferring determination of a motion to compel discovery until after the motion court conducts an in camera review of materials claimed to be privileged because such an order does not affect a substantial right within the meaning of CPLR 5701 (a) (2) (v) (*see, Garcia v Montefiore Med. Ctr.*, 209 AD2d 208, 209). In any event, were we *sua sponte* to grant leave to appeal, we would affirm. While defendant Shiferaw's medical records are privileged and confidential to the extent that they contain medical information and to that extent may not be divulged absent an express waiver (CPLR 4504 [a]), co-defendants are entitled to any non-medical information in those medical records. As such, the proper procedure was precisely that utilized by the motion court, namely, to conduct an in camera inspection and to redact those portions of the medical records containing medical information (*see, Garcia v Montefiore Med. Ctr.*, 209 AD2d, *supra*, at 209; *see also, Lee v New York City Tr. Auth.*, 257 AD2d 611). Concur—Ellerin, P. J., Nardelli, Williams, Saxe and Friedman, JJ.