■ Jan Russo et al., Respondents-Appellants, v Jitrendra Shah, Appellant-Respondent. [718 NYS2d 74] —In an action to recover damages for medical malpractice and negligence, etc., the defendant appeals, as limited by his brief, from so much of an order of the Supreme Court, Suffolk County (Doyle, J.), entered December 16, 1999, as denied that branch of his motion which was for summary judgment dismissing the plaintiffs' causes of action based on negligence, and the plaintiffs cross-appeal, as limited by their brief, from so much of the same order as granted that branch of the defendant's motion which was for summary judgment dismissing the plaintiffs' cause of action based on medical malpractice as barred by the Statute of Limitations.

Ordered that the order is reversed, on the law, without costs or disbursements, that branch of the defendant's motion which was for summary judgment dismissing the plaintiffs' causes of action based in negligence is granted, and that branch of the defendant's motion which was for summary judgment dismissing the plaintiffs' cause of action based on medical malpractice is denied.

The plaintiff Jan Russo consulted with the defendant, Dr. Jitrendra Shah, in February 1995 in connection with flu-like symptoms, including swollen glands and nasal congestion. Thereafter, Russo saw Dr. Shah several times with similar complaints and symptoms. In May 1995 Dr. Shah ordered a

blood test and received a report that the result was "consistent with early Lyme disease."

On July 27, 1995, Russo consulted Dr. Shah again. Russo claims he still had the same symptoms as when he first consulted Dr. Shah, only now they had become more acute. Dr. Shah acknowledges that Russo still suffered from nasal congestion.

On January 20, 1998, the plaintiffs commenced this action against Dr. Shah, alleging failure to diagnose that Mr. Russo was suffering from Lyme disease and failure to refer Mr. Russo for further blood tests. Dr. Shah moved for summary judgment dismissing the complaint on the ground that all claims based on treatment before July 20, 1995, were time-barred by the 2½ year Statute of Limitations for medical malpractice (see, CPLR 214-a). The plaintiffs opposed the motion, arguing that all of Russo's visits to Dr. Shah constituted a continuous course of treatment.

The Supreme Court concluded that the continuous-treatment doctrine could not be invoked to toll the Statute of Limitations for medical malpractice, but that portions of the complaint stated a separate cause of action sounding in common-law negligence which was not time-barred because it was governed by a three-year Statute of Limitations. Accordingly, the Supreme Court dismissed those causes of action which were based on medical malpractice but denied summary judgment to the extent that the complaint asserted causes of action based on negligence. The plaintiffs and Dr. Shah have both appealed.

The " 'distinction between ordinary negligence and malpractice turns on whether the acts or omissions complained of involve a matter of medical science or art requiring special skills not ordinarily possessed by lay persons or whether the conduct complained of can instead be assessed on the basis of the common everyday experience of the trier of facts' " (*Evangelista v Zolan*, 247 AD2d 508, 509; see, *Miller v Albany Med. Ctr. Hosp.*, 95 AD2d 977, 978). When "the incompetence alleged is of specialized medical nature, deriving from the physician-patient relationship, and substantially related to medical diagnosis and treatment, the action it gives rise to is by definition one for medical malpractice rather than for simple negligence" (*Spatafora v St. John's Episcopal Hosp.*, 209 AD2d 608, 609; see, *Weiner v Lenox Hill Hosp.*, 88 NY2d 784, 787-788). Here, the plaintiffs' claims sound in medical malpractice, not ordinary negligence.

However, under the circumstances of this case, the plaintiffs raised a triable issue of fact as to whether Mr. Russo was

treated by Dr. Shah on July 27, 1995, for the same illness, injury, or condition, thereby tolling the Statute of Limitations pursuant to the continuous treatment doctrine (*see, Allende v New York City Health & Hosps. Corp.*, 90 NY2d 333, 338; *Richardson v Orentreich*, 64 NY2d 896; *Yelin v American Dental Ctr.*, 184 AD2d 693; *cf., Nykorchuck v Henriques*, 78 NY2d 255). Accordingly, it cannot be determined as a matter of law that the causes of action based on treatment before July 20, 1995, are time-barred. S. Miller, J. P., Goldstein, H. Miller and Smith, JJ., concur.