On August 10, 2010, the plaintiff commenced this action, alleging that the defendants failed to diagnose and treat her son’s bilateral hip dysplasia between November 6, 1996, and November 19, 1996, and continuing through March 1997. At the time of the treatment, the plaintiffs son was an infant. After joinder of issue, the defendant Arnold W. Scherz moved, and the defendants Freed Lieber Scherz Kleinberg and Citerman, a Partnership, and Pediatric & Adolescent Medicine (hereinafter together the LLP defendants) separately moved, inter alia, to *969 dismiss the complaint insofar as asserted against each of them pursuant to CPLR 3211 (a) (5), contending that the plaintiffs claim was time-barred by CPLR 208, the statute of limitations applicable to medical malpractice actions involving infants (see CPLR 208). The plaintiff did not oppose the dismissal of the complaint insofar as it asserted a cause of action sounding in medical malpractice. She contended, however, that the complaint also alleged a cause of action sounding in ordinary negligence and, inasmuch as Scherz and the LLP defendants had moved only to dismiss the cause of action sounding in medical malpractice, the cause of action sounding in ordinary negligence should be left undisturbed. In reply, Scherz and the LLP defendants contended that the complaint’s allegations sounded exclusively in medical malpractice. The Supreme Court granted Scherz's motion, and that branch of the LLP defendants’ separate motion, which was to dismiss the complaint insofar as asserted against each of them.
“The distinction between ordinary negligence and malpractice turns on whether the acts or omissions complained of involve a matter of medical science or art requiring special skills not ordinarily possessed by lay persons or whether the conduct complained of can instead be assessed on the basis of the common everyday experience of the trier of the facts” (Miller v Albany Med. Ctr. Hosp., 95 AD2d 977, 978 [1983]; see Russo v Shah, 278 AD2d 474, 475 [2000]). “Because the incompetence alleged is of a specialized medical nature, deriving from the physician-patient relationship, and substantially related to medical diagnosis and treatment, the action it gives rise to is by definition one for medical malpractice rather than for simple negligence” (Spatafora v St. John’s Episcopal Hosp., 209 AD2d 608, 609 [1994]; see Angrand v Stern, 8 AD3d 218, 218-219 [2004]; Russo v Shah, 278 AD2d at 475). Here, the gravamen of the complaint is that the defendants misadvised the plaintiff and her husband as to their son’s condition by failing to tell them of a radiologist’s finding of a potential abnormality and suggestion for further assessment. Thus, as the Supreme Court properly concluded, the complaint alleged departures substantially related to diagnosis and treatment, and sounded in medical malpractice, rather than ordinary negligence (see Russo v Shah, 278 AD2d at 474-475; cf. Huntley v State of New York, 62 NY2d 134, 137 [1984]; Bennett v Long Is. Jewish Med. Ctr., 51 AD3d 959, 960-961 [2008]). Inasmuch as the medical malpractice claim was time-barred (see CPLR 208, 214-a), the Supreme Court properly granted Scherz’s motion, and that branch of the LLP defendants’ separate motion, which was to dismiss the complaint insofar as asserted against each of them pursuant to CPLR 3211 (a) (5).
*970 The plaintiffs remaining contentions are either not properly before this Court or without merit. Dillon, J.P., Balkin, Leventhal and Hall, JJ., concur.