Talley v State of New York (2019 NY Slip Op 06336)





Talley v State of New York


2019 NY Slip Op 06336


Decided on August 22, 2019


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on August 22, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: CENTRA, J.P., LINDLEY, NEMOYER, TROUTMAN, AND WINSLOW, JJ.


711 CA 18-01697

[*1]GRANT TALLEY, CLAIMANT-RESPONDENT,
v
STATE OF NEW YORK, DEFENDANT-APPELLANT. (CLAIM NO. 122733.) 






LETITIA JAMES, ATTORNEY GENERAL, ALBANY (ZAINAB A. CHAUDHRY OF COUNSEL), FOR DEFENDANT-APPELLANT. 


 Appeal from a judgment of the Court of Claims (Renee Forgensi Minarik, J.), entered April 4, 2018. The judgment awarded claimant money damages. 
It is hereby ORDERED that the judgment so appealed from is unanimously reversed on the law without costs and the claim is dismissed.
Memorandum: Claimant commenced this action seeking, inter alia, damages for injuries he sustained when he was assaulted by a fellow inmate while incarcerated in a correctional facility. In the claim, claimant asserted causes of action for, inter alia, medical malpractice and medical negligence. The Court of Claims determined, after a trial, that defendant was liable for medical negligence based on evidence establishing that approximately 17 days passed before
X rays of claimant's injured ankle were obtained. The court awarded claimant damages in the amount of $500 for his pain and suffering, plus interest and filing fees. We reverse.
We agree with defendant that the court should have dismissed the claim based upon claimant's failure to present any expert medical evidence. Inasmuch as claimant's allegations of medical negligence "substantially related to medical diagnosis and treatment," the cause of action they "give[] rise to is by definition one for medical malpractice rather than for simple negligence" (McDonald v State of New York, 13 AD3d 1199, 1200 [4th Dept 2004] [internal quotation marks omitted]; see Russo v Shah, 278 AD2d 474, 475 [2d Dept 2000]). Furthermore, "[i]ssues concerning whether the treatment deviated from the accepted standard of care and whether it caused injuries are not matters within the ordinary experience and knowledge of laypersons' " (Sachs v State of New York, 143 AD3d 1291, 1291 [4th Dept 2016], lv denied 28 NY3d 914 [2017], quoting Mosberg v Elahi, 80 NY2d 941, 942 [1992]).
Here, the evidence established that, after claimant was assaulted, he received medical attention and was provided with anti-inflammatory medication and ice. Thereafter, claimant was evaluated by a physician and X rays were eventually performed. Claimant, however, offered no expert medical evidence to demonstrate that such treatment deviated from acceptable medical practice. Thus, the claim must be dismissed.
Entered: August 22, 2019
Mark W. Bennett
Clerk of the Court